## NORTH v. CARTWRIGHT

No. 7457. Decided April 10, 1951. (229 P. 2d 871)

See 61 C. J. S., Motor Vehicles, Sec. 463. Cyclists and automobiles, negligence as to, 5 Am. Jur., Automobiles, Sec. 184; 172 A. L. R. 736.

*Clyde, Mecham & White,* Salt Lake City, for appellant.

*E. LeRoy Shields, Jed W. Shields,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

This action was commenced by the appellant, plaintiff below, to recover damages for injuries sustained when the

respondent drove his automobile against the plaintiff, who was riding a motor scooter. The parties will hereafter be referred to as plaintiff and defendant. From a directed verdict, no cause of action, in favor of the defendant, the plaintiff prosecutes this appeal.

The facts, as shown by the evidence, are that the plaintiff, age 17, was driving a small, single-seater motor scooter west on First South Street between Main and State Streets in Salt Lake City. Another boy, Robert Cox, age 14, was seated behind the plaintiff on the single seat of the scooter with his arms around plaintiff's waist.

The defendant, driving a Chrysler sedan, drove north on Regent Street and at the junction of First South and Regent Streets stopped at the stop sign. He testified that he signalled for a left turn, looked twice to the west and once to the east and then proceeded out into First South Street making a left turn to the west. At a point 21 feet west of the curb line of Regent Street and four feet south of the center line of First South Street, the defendant ran into the plaintiff on his scooter (see diagram). Defendant testified that at no time prior to the impact did he see the plaintiff and that he was going from five to eight miles per hour. Plaintiff testified that he drove through the intersection at approximately 10 miles per hour and that he did not see the defendant's car at any time until he caught a glimpse of it through his rear-view mirror just before being hit.

Robert Cox testified that he saw the defendant turning to the left after passing the stop sign and noticed that the defendant was not aware of, nor looking at the plaintiff. Cox yelled "look out, Keith!" and then jumped from the scooter to the right hand side just before the accident. Cox after the accident yelled at the defendant to back up, which he (defendant) did, dragging the plaintiff for four feet, until further shouts halted him.

The point of impact was 21 feet west of an extended line from the west curb of Regent Street but was in line with the car's position while stopped on the right hand side of Regent Street, and open traffic spaces in the painted lines in the center of First South Street (see diagram), indicating that the defendant was turning his car in the proper route for cars turning left from Regent Street. The scooter was four feet south of the center line at the point of impact which would, of course, be for the plaintiff on the wrong side of the street. Plaintiff testified he was on the right side of the center line until just before the accident. When asked how he got on the wrong side of the street, he said, "Well, I don't actually know, but I think this could have happened: When Bob jumped off, which he did, because I remember he jumped off, and it's a small motor; it doesn't weigh very much and it can be pushed real—a slight shove can send it anywheres and at that time it was just that quick."

Plaintiff relied upon two points for reversal: (1) That defendant was clearly negligent; and (2) that plaintiff was not contributorily negligent as a matter of law. The defendant did not argue nor deny the assertion as to point one. He did, however, claim that the plaintiff was contributorily negligent as a matter of law. This places but one issue before the court, namely, that as to contributory negligence in law.

Plaintiff is guilty of the violation of two statutes upon which negligence in law may be predicated. At the time of the accident, Title 57, Chapter 7, Section 120 of the Utah Code Annotated, 1943, was in effect and provided: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: * * *." (Four exceptions are listed, none of which are applicable to the case at bar.)

Section 57—7—169.11 and Section 57—7—169.12 of the Utah Session Laws of 1949, c. 65 are as follows:

"A person operating a motorcycle * * * shall ride only upon the permanent and regular seat attached thereto and such operator shall not carry any other person nor shall any other person ride on a motorcycle or a motor-driven cycle unless such vehicle is designed to carry more than one person, in which event a passenger may ride upon the permanent and regular seat, if designed for two persons, or upon another seat firmly attached to the rear or side of the operator.

"No person shall ride, and no person driving a motor vehicle shall knowingly permit any person to ride, upon any portion of any vehicle not designed or intended for the use of passengers. * * *"

These statutes were promulgated for the protection of the public and to safeguard property, life and limb of persons using the highways from accidents of the type here involved. Violations of these statutes, then, constitutes negligence in law. This doctrine of the law has been steadfastly adhered to by this court and generally in other courts throughout the United States. This court speaking through Mr. Justice Moffat, in *Skerl* v. *Willow Creek Coal Co.*, 92 Utah 474, 69 P. 2d 502, 506, enunciated the rule citing *White* v. *Shipley*, 48 Utah 496, 160 P. 441, as follows:

" 'When a standard of duty or care is fixed by law or ordinance, and such law or ordinance has reference to the safety of life, limb or property, then, as a matter of necessity, a violation of such law or ordinance constitutes negligence.' "

Similar pronouncements can be found in *Moon* v. *Payne*, 97 Cal. App. 2d 717, 218 P. 2d 550; *Pratt* v. *Daly*, 55 Ariz. 535, 104 P. 2d 147, 130 A.L.R. 341; and *Turrietta* v. *Wyche*, 54 N.M. 5, 212 P. 2d 1041.

Plaintiff's violation of the statutory standards of care, here involved, bars recovery if the violation was a proximate contributing cause of the injury. *Mahnkey* v. *Bolger*, Cal. App., 220 P. 2d 824. In *Farrell* v. *Cameron*, 98 Utah 68, 94 P. 2d 1068, 1075, we stated: "Proximate cause is that cause which, in natural or continued sequence, unbroken by any new, intervening, efficient cause, produced the result complained of, and without which the damage would not have been sustained."

Plaintiff's driving on the wrong side of the street contrary to statute is prima facie evidence of negligence and calls for an explanation to justify his position upon the highway. *Musgrove* v. *Zobrist,* Cal. App., 187 P. 2d 782. The only explanation or justification given was that the plaintiff inferred that, by jumping off, his passenger caused the scooter to swerve to the wrong side of the street. Had plaintiff been on the right side of the street, the accident would not have happened. He would have been at least four feet north of the point of impact and at the speeds both vehicles were going and because the defendant was turning and the plaintiff going straight, plaintiff would have stayed in front of defendant's car and the collision would not have occurred. His negligence, either in driving on the wrong side of the road, or in allowing another to ride on his scooter, or both, in violation of law, was concurrent with the defendant's negligence.

Plaintiff's violation of two statutes was a proximate cause of his injuries and thus he is barred from recovering as a matter of law. The judgment below is affirmed.

Costs awarded to respondent.

WADE, LATIMER, McDONOUGH, and CROCKETT, JJ., concur.