348 P.2d 565

LaRene HOLMES, Plaintiff and Appellant,

v.

P. C. HEIDEBRECHT, Defendant and Respondent.

No. 8988.

Supreme Court of Utah.

Jan. 21, 1960.

---

Young, Thatcher & Glasmann, Ogden, for appellant.

Hanson, Baldwin & Allen, Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff LaRene Holmes was struck and injured by the defendant driving in his car as she was walking across the street. From adverse jury verdict and judgment entered thereon she appeals, citing error in instructions to the jury relating to her contributory negligence.

The accident occurred about 8:00 a. m. on September 12, 1957. Plaintiff had gone from her home southward across 12th Street, about 500 feet west of Washington Boulevard in Ogden, Utah, to check an irrigation headgate and was returning northward when she was struck by the defendant's car coming from the west. The street from curb to curb is 42 feet wide and she had proceeded about 15 or 20 feet from the curb, so was about four to six feet south of the center line at the time of impact.

The issues as to defendant's negligence and plaintiff's contributory negligence were submitted to the jury.

The primary contention on this appeal is that the court erred in instructions to the jury, particularly in instruction No. 8, the material portion of which is as follows:

"* * * every pedestrian crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway * * *."

In Instruction No. 7 the jury was similarly advised as to plaintiff's duty to yield the right-of-way to all vehicles upon the roadway, but added, "so near as to constitute an immediate hazard." It is plaintiff's contention that this latter phrase is essential and that its omission in Instruction No. 8 constituted prejudicial error by informing the jury that she had to yield the right-of-way to all vehicles on the roadway wherever situated.

Instruction No. 7 as given, was literally in accord with our statute.[1] It is true that

---

1. Sec. 41–6–79(a) U.C.A. (1953): "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

in a proper case it may need be modified by adding "so near as to constitute an immediate hazard." However; there is no circumstance here requiring such modification. There is no evidence of other cars on the road at the time; and there is nothing to suggest other than that the defendant was traveling at a lawful speed of not to exceed 25 m. p. h. Right-of-way is not something absolute. One does not approach a street crossing and determine that he has the right-of-way and then shut his eyes to all hazards and proceed blindly across because he has the right-of-way. This is plainly apparent from the instructions in which the court submitted the question of the defendant's negligence in failing to keep a lookout and keep his car under control to avoid striking the plaintiff.

From the facts shown it appears likely that the defendant was close enough to the plaintiff when she walked into the path of his automobile that reasonable care for her own safety would have dictated that she stop and permit him to pass. The question whether she used the care which an ordinary, reasonable person would have done for her own safety in that regard was submitted to the jury. A consideration of all of the instructions together as they must be, indicates that the issues, both of the defendant's negligence and the plaintiff's contributory negligence, were fully and fairly presented to the jury and in such a manner that no confusion would result therefrom.

One of the most common fallacies attendant upon our system of formulating instructions and taking exceptions and assigning error with respect thereto is that courts attempt to so design them that they would be universally applicable; and then losing counsel uses all possible ingenuity to imagine situations in which instructions would not be applicable. It is much better that the instruction be designed to cover the specific fact situation. If they fairly present the issue to be tried to the jury, the fact that counsel may imagine other fact situations to which they would not apply does not render them vulnerable to attack, nor provide a basis for reversal.

Judgment affirmed. Costs to plaintiff (respondent).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.