351 P.2d 638

Edith M. LANGLOIS, Plaintiff and
Appellant,

v.

Norman T. REES, Defendant and
Respondent.

No. 9054.

Supreme Court of Utah.

May 2, 1960.

C. Vernon Langlois, Ray S. McCarty, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

McDONOUGH, Justice.

This case concerns an automobile-pedestrian collision occurring in Salt Lake

City. From entry of judgment on the verdict of no cause of action, plaintiff pedestrian appeals. The trial judge directed the jury that plaintiff was contributorily negligent, but he left to the jury the issue of causation. He also instructed the jury on negligence and last clear chance. The question raised on appeal is whether all reasonable minds must agree that plaintiff was contributorily negligent. The evidence must be viewed in the light most favorable to the plaintiff.

The accident occurred at the T intersection of First Avenue and State Street on a snowy afternoon. First Avenue is a four-lane street 58 feet wide running east from State Street. State Street runs north and south and is a four-lane street 42 feet wide. There are two marked crosswalks at the intersection. One cuts across First Avenue and joins the sidewalks on the east side of State Street. The other cuts across State Street to the sidewalk on the north side of First Avenue. Both were clearly visible at the time of the accident. Plaintiff walked east across State Street directly in line with the sidewalk on the south side of First Avenue. Defendant drove west on First Avenue and stopped at the stop sign at the intersection. He then turned left. While moving at about 10 miles per hour, he struck the plaintiff who was still on the west half of State Street.

The trial judge instructed the jury that plaintiff was contributorily negligent because she was crossing between adjacent intersections controlled by semaphores. By statute, if adjacent intersections are controlled by traffic signals, a pedestrian is forbidden to cross between them at any point other than at a marked crosswalk.[1] The X intersection immediately to the north is controlled by a semaphore light. Likewise, the X intersection immediately to the south is controlled by a semaphore. At the time of the accident, both semaphores were in operation. Respondent apparently contends that these two X intersections are adjacent because there is no X intersection between them. Appellant contends that they are not adjacent because there is a T intersection between them.

To succeed on this appeal, plaintiff must show not only that the two X intersections are not "adjacent," but also that the evidence would support a finding that she crossed in a crosswalk. If she did not cross in a crosswalk, then she did not have the right of way.[2] Lacking the right of

1. U.C.A. (1953) Sec. 41–6–79(c): "Between adjacent intersections at which traffic control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk."

2. U.C.A. (1953) Sec. 41–6–79(a): "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

way, she was under a duty to yield to cars lawfully on the roadway.[3] The right of way is not absolute for either the pedestrian or the motorist, but as explained in our recent case of Fox v. Taylor, Utah, 350 P.2d 154, both have a continuing duty at all times to use reasonable care for the safety of others, even when one has the right of way over the other.

■ Plaintiff did not cross in a crosswalk. By statutory definition, a crosswalk is:

"That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs, or in the absence of curbs, from the edges of the traversible roadway; any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface."[4]

Since plaintiff concedes she was not in a marked crosswalk, she must contend that she "was within the connections of the lateral lines of the sidewalks on opposite sides of the highway." The only sidewalk opposite First Avenue runs parallel to State Street, i. e., at a right angle to First Avenue. Therefore, there can be no connection of the lateral lines of these sidewalks. The statutory definition implies that there is an unmarked crosswalk only if a street's sidewalk (or the edge of the traversible roadway) is intersected and continues on. If a pedestrian way terminates at an intersection, it terminates without crossing the street unless it continues as a marked crosswalk.[5]

■ To refute the prima facie case of negligence for violation of a statutory standard of care, plaintiff apparently makes two assertions. First, that there is a crosswalk across State Street at the place where she walked because many people cross there. However, use, by itself, does not establish a right of way for pedestrians.[6] Second, that she did not see the defendant and therefore she was not aware of impending peril. She looked both ways on State Street and looked up First Avenue before she started to cross. The way was clear. However, she should have kept a proper lookout for cars lawfully on the west side of State Street, i. e., cars going south on State Street and cars entering the intersection from First Avenue. Had she

3. U.C.A. (1953) Sec. 41–6–9(e). " 'Right-of-way.' The privilege of the immediate use of the highway."
4. U.C.A. (1953) § 41–6–8(b) ; National Committee on Uniform Traffic Law and Ordinances, Uniform Vehicle Code (1956 rev.) § 1–111(a).
5. Martin v. Harrison, 182 Or. 121, 180 P.2d 119, 186 P.2d 534.
6. Henderson v. Brown, 214 Md. 463, 135 A.2d 881.

done so, she would have seen the defendant. She cannot contend that she looked and failed to see that which was there to be seen. If she did not look, she was negligent.[7] If she saw and failed to yield, she was negligent.[8]

 Plaintiff's negligent act in violating the right of way is a proximate cause of her injury unless defendant is unable to assert the defense of contributory negligence because of his own conduct. The negligent violation of a statutory standard of care is usually the proximate cause of injury if the accident occurring is the accident which the statute is designed to prevent.[9] The right of way statutes are designed to prevent an accident by two persons both otherwise lawfully on the roadway reaching the same place at the same time.[10] Neither the pleadings nor the evidence raises any dispute on the question of whether defendant was lawfully on the roadway.

 Plaintiff failed in her attempt to assert that the defendant could not rely on a defense of contributory negligence. Plaintiff contended that defendant had a last clear chance to avoid the accident. The jury found against her on that issue.

The judgment is affirmed. Costs to defendant (respondent).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.

7. Mingus v. Olson, 114 Utah 505, 201 P. 2d 495.
8. Ibid.; Holmes v. Heidebrecht, 10 Utah 2d 74, 348 P.2d 565. See also Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.
9. North v. Cartwright, 119 Utah 516, 229 P.2d 871. White v. Shipley, 48 Utah 496, 160 P. 441.
10. Note 3, supra. See also Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680.