384 P.2d 109

Harvey THOMPSON, Plaintiff and
Appellant,

v.

**FORD MOTOR COMPANY, Defendant
and Respondent.**

No. 9807.

Supreme Court of Utah.

Aug. 13, 1963.

Barton & Klemm, Salt Lake City, for appellant.

Christensen & Jensen, Salt Lake City, for respondent.

CALLISTER, Justice.

Personal injury action. Plaintiff appeals from a summary judgment in favor of defendant, Ford Motor Company, and against the plaintiff, no cause of action, for the reason that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff, on this appeal, contends the lower court erred because there existed genuine issues of fact as to his negligence and, if any, whether or not it was the proximate cause of the accident.

We find ourselves unable to determine this appeal upon its merits. The depositions of the plaintiff and two other persons were taken (upon whose behalf we do not know). These depositions reach us in sealed envelopes—the notary public's seal still intact. Thus, it is apparent that they were never marked and introduced into evidence nor read by the trial judge.

Both parties quote extensively from these depositions in their briefs. Probably they each had copies [1] and probably these were

1. The correctness of which copies is not known.

used at the hearing upon the motion for summary judgment. However, this we cannot assume. In fact, we must assume that the testimony contained in the deposition was not presented to or considered by the lower court.[2]

This court cannot, of course, break into the sealed envelopes and read these depositions and there is nothing in the record proper which would enable us to determine the issues presented.

For the reasons indicated above we do not reach the merit of the question as to whether the ruling that plaintiff was guilty of contributory negligence as a matter of law was correct. Nevertheless, in view of the fact that this case is remanded for further proceedings, we deem it appropriate to observe that, upon the basis of the facts which seem to have been assumed, it appears to us that there is such lack of certainty as to plaintiff's attention to the truck, and whether he was close enough to control it, that a jury question exists as to whether the truck was left "unattended" within the meaning of our statute.[3]

Summary judgment set aside and case remanded for proceedings not inconsistent with this opinion. No costs awarded

HENRIOD, C. J., and CROCKETT, McDONOUGH and WADE, JJ., concur.

2.  Rosander v. Larsen, 14 Utah 2d 1, 376 P. 2d 146; Reliable Furniture v. Fidelity and Guaranty Insurance Underwriters, Inc., 14 Utah 2d 169, 380 P.2d 135.

