395 P.2d 62

Harvey **THOMPSON**, Plaintiff and Appellant,

v.

**FORD MOTOR COMPANY**, Defendant and Respondent.

No. 10024.

Supreme Court of Utah.

Sept. 1, 1964.

Barton & Klemm, Salt Lake City, for appellant.

Christensen & Jensen, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff sues for injuries suffered when the parking brake on a Salt Lake City garbage truck he was in charge of suddenly gave way so he was unable to get back into and control it. He alleges that the brake mechanism was defective. On the basis of the depositions of the plaintiff and his co-worker Jimmy Jensen, the trial court ruled that the plaintiff was contributorily negligent as a matter of law and granted defendant's motion for summary judgment.[1] Plaintiff appeals.

On summary judgment the adversed party is entitled to have the court survey the

---

1. This case was here before, 14 Utah 2d 334, 384 P.2d 109 (1963) and was returned because the depositions were not opened and published.

evidence and all reasonable inferences fairly to be drawn therefrom in the light most favorable to him.[2]

On March 27, 1962, the plaintiff and Mr. Jensen, employees of Salt Lake City, had taken a new model garbage truck, manufactured by the defendant, Ford Motor Company, out on their route in the hilly avenue section of northeast Salt Lake City to collect garbage. Plaintiff stopped the truck on a rather steep grade, headed southward (downhill) on "I" Street between 12th and 13th Avenues. It was pointed slightly southwest, with the front wheels pointing in that direction. On stopping, plaintiff set the parking brake, got out and went to the rear where he and Jimmy emptied some garbage cans into the hopper. He left the cab door open and admits that he left the key in the ignition and the motor running. He and Jimmy engaged in a conversation about the truck with the demonstrator, a Mr. Seeronen. It lasted about three to five minutes during which time the truck did not move. At just about the time the plaintiff turned momentarily to set down two garbage cans "something snapped" underneath the truck, the brake gave way, and the truck started to roll. Plaintiff ran forward and grabbed the door, but was not quite able to get into the truck, so was thrown to the ground suffering the injuries of which he complains.

The pivotal controversy in this case devolves upon Section 41–6–105, U.C.A.1953:

"No person driving or in charge of a motor vehicle shall permit it to stand *unattended* without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brakes thereon and turning the front wheels to the curb or side of the highway."

The defendant contends that under the facts above recited the leaving of the truck "unattended" and the violation of this statute constitutes proof as a matter of law that the plaintiff was guilty of negligence and that it proximately contributed to cause his own injury, which precludes his recovery and justifies the summary judgment against him. Plaintiff rejoins that notwithstanding the statute, he is entitled to have his conduct judged on the universally applied standard of care: that of the reasonable prudent man under the circumstances.

We are aware that it has sometimes been stated as a general rule that violation of a statutory standard of care is negligence as a matter of law. This is indeed a sound rule, but like all generalities, it has its limitations, and is applicable only under proper circumstances. The court has previously had occasion to consider this problem and to point out the distinction between applying

2. Rule 56(c), U.R.C.P.; see Morris v. Farnsworth, 123 Utah 289, 259 P.2d 297.

this rule where the circumstances justify it and where they do not. It appears to have been first enunciated by this court in Smith v. Mine & Smelter Supply Co.[3] Defendant was violating a Salt Lake City ordinance governing the storage of dynamite, which exploded and injured the plaintiff. Justice Frick stated:

"When a standard of duty or care is fixed by law or ordinance, and such law or ordinance has reference to the safety of life, limb or property, then, as a matter of necessity, a violation of such law or ordinance constitutes negligence."

In the later case of White v. Shipley,[4] the trial court included the above statement in an instruction to the jury, where the defendant's team had run into the plaintiff while the defendant was driving to the left of the center of the street. This court reversed, holding that where there were excavations on the right side of the street, justifying the defendant traveling on the left, the instruction was reversible error. This in spite of the above-quoted language from the case of Smith v. Mine & Smelter Supply Co., supra. The court pointed out instances in which the rule could properly be applied, but also stated:

"But that doctrine has no application to one merely driving a team or other vehicle not itself a dangerous instrumentality on the wrong side of a street in violation of an ordinance. *Whether to do so* [violate a statute or an ordinance] *constitutes negligence is dependent upon the facts and circumstances of the case and, generally, is a question of fact and not of law."* [5]

The rule defendant contends for was given further recognition in the case of Skerl v. Willow Creek Coal Company.[6] But it should be noted that this case was also concerned with violation of a statute governing explosives. The next case dealing with this rule is North v. Cartwright,[7] which involved the question of plaintiff's contributory negligence in violating two traffic statutes. In that case the court arrived at what we are convinced is the sounder and better rule that:

"Plaintiff's driving on the wrong side of the street contrary to statute is *prima facie evidence of negligence* and calls for an explanation to justify his position upon the highway."[8]

Subsequent to the North case, just referred to, this court has in a number of cases, but with slight variations in the language, reaffirmed the view, which we think is the correct one, that violation of a standard of safety set by statute or ordinance is to be regarded as prima facie evidence of negligence, but is subject to justification or ex-

3. 32 Utah 21, 31, 88 P. 683, 686 (1907).
4. 48 Utah 496, 160 P. 441 (1916).
5. 160 P. at page 144.

6. 92 Utah 474, 67 P.2d 502, 506 (1937).
7. 119 Utah 516, 229 P.2d 871 (1951).
8. 229 P.2d at page 874.

cuse if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care under the circumstances.[9]

■■ The issue of proximate cause presents an even more difficult obstacle to the granting of summary judgment here. Assume the plaintiff was negligent in leaving the truck "unattended". It would not necessarily follow with certainty that this was the proximate cause of the accident. This also must be demonstrated from the evidence.

A case very similar to our own is McCoy v. Courtney.[10] Plaintiff's decedent had taken a trip in defendant's car. The deceased parked the car on a hill, set the hand brake, and got out of the car, when it started to roll backwards. She managed to reach in and pull on the hand brake, but the car continued to roll, knocked her over, and killed her. Defendants relied on the deceased's violation of a statute almost identical with ours relating to setting brakes, while plaintiff relied on claimed defective brakes. The trial court dismissed plaintiff's complaint. The appellate court reversed and remanded the case for trial. The court recognized that the decedent was required to set the brake effectively and turn the front wheels to the curb and that violation of the statute would constitute negligence per se but stated:

"The uncontradicted evidence in this case is ample to make at least a prima facie showing that the hand brake did not comply with the requirements of the statute but was wholly ineffective. The evidence tends to show, also, that Mrs. McCoy, [plaintiff's decedent] did set the hand brake to the point where it appeared sufficient to hold the car, and the inference is strong that the car did remain stationary long enough to permit the two occupants to alight from it. *However, under the evidence adduced, it would not have mattered how far back she had pulled the brake lever; the defective condition of the brake would have produced the same result.* Until she learned, or in the exercise of reasonable care should have learned, the contrary, Mrs. McCoy had the right to assume that the brake was in the

9. See Gibbs v. Blue Cab, 122 Utah 312, 249 P.2d 213 (1952); Langois v. Reese, 10 Utah 2d 272, 361 P.2d 638 (1960); Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 517, 518 (1961). See Alarid v. Vanier, 50 Cal.2d 617, 327 P.2d 897 (1958), a well-written opinion which reviews numerous California decisions and states: "The presumption of negligence which arises from the violation of a statute *is rebuttable and may be overcome by evidence of justification or excuse.*" See also Restatement Second, Torts, Draft No. 4, Sec. 288A, Comment j; Comment, Negligence Per Se—Traffic Violations, 30 Tenn.L.Rev. 556, 565–566 (1963); Morris, The Role of Criminal Statutes in Negligence Actions, 49 Columbia L.Rev. 21, 47–48 (1949).

10. 25 Wash.2d 596, 172 P.2d 596, 170 A.L.R. 603 (1946).

condition required by the statute." 172 P.2d at page 601.

"Whether the deceased was herself guilty of *negligence contributing to her injuries*, upon the occasion in question, was a matter to be affirmatively shown by the respondents. *The evidence adduced does not establish such fact as a matter of law.*"

Reverting to the facts here: The plaintiff surely could not be required to remain inside the truck with his foot on the brake at all times. In other words, he could be just outside the truck and still "attending" to it. Assume a situation where he was doing so as compared with another situation where he was very close to the truck, as he was here, but was not "attending to it". How sure is the conclusion that in the former situation he certainly could have gotten into the truck and stopped it, whereas in the latter situation, he certainly could not have done so?[11] Reflection upon the matter will impel the conclusion that from this evidence a jury could reasonably believe that even if plaintiff had been outside of but "attending" to the truck when "something snapped underneath" and the brakes gave way, he may not have been able to get into it and avoid the accident and the same result might have occurred anyway. In that event, the jury could remain unconvinced that the plaintiff's conduct was a proximate cause contributing to his own injury. A similar analysis could be made and conclusion drawn in regard to the other aspects of negligence charged against the plaintiff.

The fundamental and controlling principle is that even though the violation of a statute may have occurred, if the circumstances are such that his conduct could nevertheless reasonably be regarded as within the standard of due care, plaintiff is entitled to have a jury determine the issue of his negligence upon the basis of that standard; and whether it proximately contributed to cause his own injury. It is also important to keep in mind that the defendant has the burden of proving these issues against the plaintiff by a preponderance of the evidence. Therefore, if there is any reasonable basis in the evidence upon which reasonable minds could conclude that they are not so persuaded on either of these issues, they should be submitted to trial by jury; and in case of doubt about the matter, they should be resolved in favor of safeguarding that right.[12]

For the reasons hereinabove set forth, the case is remanded for trial and the parties given an opportunity of presenting their evi-

11. Cf. Kass v. Schneiderman, 21 Misc.2d 518, 197 N.Y.S.2d 979 (1960).

12. See Martin v. Stevens, 121 Utah 484, 243 P.2d 747, 749 (1952); for statement that the granting of summary judgment is a stringent measure which court should be reluctant to grant see Tangren v. Ingalls, 12 Utah 2d 388, 367 P.2d 179, and Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344.

dence and contentions with respect to the disputed issues: of defendant's negligence, plaintiff's contributory negligence and proximate cause as was suggested in our opinion on the first appeal. Costs to plaintiff (appellant). (All emphasis added.)

McDONOUGH and CALLISTER, JJ., concur.

WADE, J., concurs in the result.

HENRIOD, Chief Justice (concurring in the result).

I concur in the result for reasons other than those stated in the main opinion.

In our former case we said there could be no review where the depositions were unpublished, and suggested that if the facts assumed in the previous case were supported by the depositions, when and if opened, the case would be one for the jury. Knifing the manila folders and examining the depositions revealed nothing substantially different. I am of the opinion, therefore, that this case should be given to a fact arbiter in consonance with our suggestion. Most of what is said in the main opinion consequently is unnecessary in this case, which, I think, should be in the per curiam area.

Furthermore, in my opinion, this case should be based solely on the question of contributory negligence as a matter of fact, and not because of violation of a statute. The statute involved obviously was passed to protect persons other than the driver of garbage or other trucks. Thompson, the driver here, clearly violated the statute. He did not park the truck according to its terms, yet seeks refuge behind it on some sort of "proximate cause" theory. Nobody made a point of contributory negligence aside from statutory violation, so that this court has nothing to review on that score. Nonetheless, Thompson, who is not in the class which the statute seeks to protect, invokes it under a highly technical discussion about what is an "unattended" truck. He says it *was* "attended," but if it were, how can he claim anything, one might ask? It seems to me to be a problem of whether Ford was negligent because of a defective vehicle, or Thompson negligent because he did not use due care,—not whether anyone violated a statute.

I can see merit to an argument for summary judgment if the statute were not involved, but this court having said there was a jury question if the secrets buried in the manila envelopes developed nothing new on disinterment, it is my opinion that a trial should be indulged for *that* reason, and that reason alone.