404 P.2d 659

**Rose KLAFTA, Plaintiff and Respondent,**

v.

**Albert N. SMITH, dba Ox Ranch, Defendant and Appellant.**

No. 10275.

Supreme Court of Utah.

July 29, 1965.

---

Young, Thatcher & Glasmann, Leroy B. Young, George B. Handy, Ogden, for appellant.

Rawlings, Wallace, Roberts & Black, John L. Black, Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff sued for injuries suffered when her son's car, in which she was riding, collided with a cow which had fallen on the highway from the defendant's truck. The case is here on intermediate appeal to review a ruling of the District Court that the defendant was liable as a matter of law and that the trial should be had on the issue of damages only.

■ This appeal was granted because the issue presented meets the requirements of Rule 72(b) U.R.C.P. in that the ruling involves substantial rights which will materially affect the final decision and the determination of which prior to the trial will substantially alter the course of the proceedings. In fact this case is a good example of the advantages of intermediate appeal, because, as will appear below, we have concluded that the ruling that the defendant is liable as a matter of law, which would eliminate a trial on the issue of his negligence, is erroneous and that the trial should include that issue.[1]

On this intermediate appeal, the facts are not finally settled, but must abide determination at the trial. Inasmuch as the ruling under attack was adverse to the defendant, at this stage of the proceeding we accept the facts as contended by him.

In the late afternoon of December 29, 1961, the defendant was trucking nine head of cattle from his ranch in Ruby Valley, Nevada to the Ogden, Utah, Stockyards. When he was a few miles west of Grantsville he was flagged down by the driver of another car and told that the tailgate of his truck was loose. Upon investigation, he found that the gate had become disengaged, and that four of the cattle had fallen out. He fixed the truck and drove back several miles where he found that one of the cows had been hit and killed by another vehicle and left upon the highway. Shortly thereafter, at about 6:30 p. m., the plaintiff had come along the highway eastward in a car being driven by her son. It will be recalled that December 29 is near the winter solstice, so it was dark at that time. The cow was of the Black Angus breed and was thus difficult to see on the dark highway, and the car ran into it, resulting in the injuries to plaintiff for which she seeks recovery.

The lower court's holding that the defendant is liable as a matter of law was grounded upon Sections 27–1–33 and 27–1–

---

1. Regarding advantages of intermediate appeal see Manwill v. Oyler, 11 Utah 2d 433, 361 P. 2d 177.

34, U.C.A.1953.[2] The first requires that vehicles shall be so loaded and secured as to prevent the load·from losing and becoming a hazard to others using the highway; and the second provides that any person violating any of the provisions of the chapter "is guilty of a misdemeanor * * * [subject to penalties] * * * and in addition * * * shall be liable for all damages that may accrue to the parties damaged by reason· of such *violation*."

■ The ruling that because of these statutory provisions the fact that the cow fell from the defendant's truck makes him liable ·ipso facto, regardless of fault and in spite of any degree of care he may have exercised, deprives him of the privilege of presenting proof of justification or excuse for his conduct. This runs contrary to one of the oldest and most basic precepts of tort law: that generally liability is based upon fault. If the trial court's ruling were sound, ·a truckman would be liable for any damages that resulted even if someone by stealth or trickery managed to release the fastening of his truck, however careful or cautious he may have been. The idea of such a penalty being exacted solely because a circumstance came about, no matter how caused, impresses us as completely discordant to reason and justice. By the use of chicanery this could even be used to accomplish a

wholly arbitrary expropriation of one's property. It is not only a much too literal and narrow application of the statute, obviously never intended by the Legislature, but is actually a distortion of its real purpose.

■ We have recently had occasion to consider the rule upon which the trial court's decision appears to rest: that the violation of a safety standard set by statute is negligence per se.[3] Without repeating our analysis of the Utah cases dealing with this proposition, we refer to that discussion. Our conclusion was there stated:

> [T]his court has in a number of cases, but with slight variations in the language, reaffirmed the view, which *we think is the correct one, that violation of a standard of safety set by statute or ordinance is to be regarded as prima facie evidence of negligence, but is subject to justification or excuse* if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care under the circumstances.

We there cited the case of Alarid v. Vanier[4] as a well considered opinion which reviews numerous cases and states:

> The presumption of negligence which arises from the violation of a statute

2. 27–1–33 and 27–1–34, U.C.A.1953, have now been repealed by the Uniform Highway Act, 27–12, 1963, 27–1–33 being reenacted as 27–12–146.

3. See Thompson v. Ford, 16 Utah 2d 30, 395 P.2d 62.

4. 50 Cal.2d 617, 327 P.2d 897.

is rebuttable and may be overcome by evidence of justification or excuse.

In that decision numerous law review articles and texts are cited in support of the above statement. We think the foregoing rule is the logical and reasonable one and in fact the only rule that can fairly be applied to the practical exigencies of human conduct and conform to our conception of law and justice.

■ There is a further consideration in regard to the two statutory sections involved which supports the conclusion we have reached. Note that Section 27–1–33, U.C.A.1953 provides that the failure to prevent the loss of contents of the truck on the highway is a *misdemeanor*. That is, it is made a *crime*. The succeeding Section 27–1–34 states that a person who violates that statute shall be liable "for all damages caused by such *violation*." The only reasonable import of this is that the conduct referred to in "violation" of Section 33 must amount to a *crime*.

■ We would have no difficulty agreeing with the proposition that if the circumstances are such that the court can rule as a matter of law that the defendant is guilty of a misdemeanor he should be held liable for any resulting damage. This is the equivalent of saying that he must respond when the facts are such that the court can rule as a matter of law that the defendant has committed the prohibited offense. Such a violation, left without explanation or excuse, would undoubtedly be conclusive evidence of negligence. But if some evidence in justification or excuse is proffered, which if believed would prevent a conviction of "violating" the statute, then the penalty of payment of damages is not applicable.[5] The heart of the matter is that we then revert to the fundamental principle which underlies the law of torts. If there is any reasonable basis in the evidence upon which it fairly could be found that the defendant acted as a reasonable and prudent person under the circumstances, then he should not be held absolutely liable, but there should be a jury trial of that issue. Inasmuch as it is necessary that there be a trial, the ends of justice will best be served by adhering to our often declared commitment to the principle of trial by jury;[6] and that there should be a trial on this as well as the other controverted issues. (All emphases added.)

Remanded for trial. Costs to defendant (appellant).

HENRIOD, C. J., and McDONOUGH, and CALLISTER, JJ., concur.

WADE, J., concurs in the result.

---

5. See Berkovitz v. American River Gravel Co., 191 Cal. 195, 215 P. 675.

6. See statement in Stickle v. Union Pac. R. R. Co., 122 Utah 477, 251 P.2d 867.