Joe L. LOGAN and Dorothy W. Logan, Plaintiffs and Appellants,

v.

R. Eric PETERSON, dba Peterson Construction Co., Defendant and Respondent.

No. 16244.

Supreme Court of Utah.

Dec. 7, 1979.

---

---

R. M. Child and Donovan C. Snyder of Bayle, Child & Ritchie, Salt Lake City, for plaintiffs and appellants.

Bruce L. Dibb, Jay E. Jensen, Michael J. Mazuran, R. Dennis Ickes, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiffs appeal from judgment of no cause of action entered against them by the District Court, Salt Lake County, sitting without a jury. Affirmed. Costs to defendant.

On July 7, 1976, a fire broke out at the site of plaintiffs' house under construction on Dimple Dell Road in Salt Lake County. At the time of the fire, the construction of the house was approximately 95 percent completed; the fire completely destroyed the structure. Three bales of straw used in the construction were stacked on the outside of the house, placed there by defendant, the general contractor and builder. Defendant testified that on the morning of July 7 he had moved these bales away from the house for the purpose of clearing the area for the pouring of cement; that at that time there was no loose straw, and that the area had been raked before the workmen left the site on July 2, the Friday before the Bicentennial holiday. Other witnesses testified that they had observed loose straw scattered at the southeast corner of the building, partly under the eaves, on July 5, and on July 7, prior to the fire.

Alfred Levin, one of the subcontractors testified that he and his son were at the site installing a shower door on the evening of July 7. When he arrived, he observed the three stacked bales of straw, and some loose straw in the vicinity of the bales. He heard what he thought was firecrackers a short time after his arrival, and a popping noise later, as he was preparing to leave, when the southeast corner of the house burst into flame. He did not know whether the fire started in the straw. Neither Levin nor his son are smokers.

Batallion Chief Herbert Nichols of the Salt Lake County Fire Department, who investigated the fire, testified that the fire started at the southeast corner of the structure. He said that he could not determine the cause of the fire, but that it probably started from a cigarette in combustible material, such as loose straw. He saw no loose straw and found no evidence of negligence on the part of the workmen, or the contractor. He stated that the fire could have started from a number of causes including matches or firecrackers, and he could not be positive that the straw was the first to ignite. The bales of straw were blackened on two sides, but were not entirely burned as they had been moved away from the fire by the time he arrived.

The Fire Chief and all other witnesses testified that the construction site was clean and reasonably well maintained for a construction site.

Plaintiffs brought action alleging negligence on the part of defendant, contending that the bales and loose straw constituted a nuisance, and raising the doctrine of res ipsa loquitur on the theory that all workmen were under defendant's exclusive control as the general contractor. Plaintiffs were allowed to amend their complaint to add a fourth cause of action, in which they alleged that defendant was in violation of the Salt Lake County Fire Code, and in

particular, Sections 28.5 and 28.6 of that Code, in storing and accumulating combustible material on the premises, and was, therefore, negligent per se.

The District Court entered judgment on the basis of its findings of fact and conclusions of law, which included the following: that defendant was not in exclusive control of the premises, as workmen in control of plaintiff were on the site, and it was open to the public; that the doctrine of res ipsa loquitur, therefore, did not apply; that there was no showing of nuisance; that there was no showing that defendant was negligent in his maintenance and care of the construction site, which was clean and orderly; that plaintiffs offered no evidence of the specific causation of the fire; that there had been no showing that the actions and/or omissions of defendant were the proximate cause of the fire; that defendant's holding of baled straw on the premises did not violate Section 28.5 of the Salt Lake County Fire Prevention Code, as it did not constitute an accumulation of waste under that section; and that the holding of the baled straw on the premises did not violate Section 28.6 of that Code.[1]

Plaintiffs appeal on the sole ground that in considering the applicability of the ordinances, the Court restricted its findings to the *bales* of straw and made no finding with respect to the *loose* straw observed by several witnesses. Plaintiffs urge this Court to supplement the findings, pursuant to Rule 76(a), Utah Rules of Civil Procedure, and instruct the District Court to enter a finding that defendant was in violation of the ordinances by reason of this loose straw, and was therefore negligent per se.[2]

Rule 76(a) provides, in pertinent part: The Supreme Court may reverse, affirm or modify any order of judgment appealed from, and may, in case the findings in any case are *incomplete in any respect*, order the court from which the appeal was taken to add to, modify or complete the findings so as to make the same conform to the issues presented and the facts as the same may be found to be by the trial court from the evidence . . . . [Emphasis added.]

We do not perceive that the District Court's findings are incomplete in any material respect. Why? Because the record supports a basis for the Court's finding that plaintiffs failed in sustaining their burden concerning *causation*.[3]

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

1. Uniform Fire Prevention Code, 1960 Edition, adopted by Salt Lake County and in effect on July 7, 1976, provides:

   Section 28.5: *Accumulations of* waste, paper, hay, grass, *straw*, weeds, litter or combustible or *flammable waste* or rubbish of any kind shall not be permitted to remain upon any roof or in any court, yard, vacant lot or open space. All weeds, grass, vines or other growth, when same endangers property or is liable to be fired, shall be cut down and removed by the owner or occupant of the property. [Emphasis added.]

   Section 28.6: No person making, using, storing or having in charge, or under his control any shavings, excelsior, rubbish, sacks, bags, litter, hay, *straw* or combustible waste materials *shall fail or neglect at the close of each day to cause all such material which is not compactly baled and stacked in an orderly manner to be removed from the building* or stored in suitable vaults or in metal or metal lined, covered, receptacles or bins. The Chief of the Bureau of Fire Prevention shall require suitable baling presses to be installed in stores, apartment buildings, factories and similar places where accumulations of paper and waste materials are not removed at least every second day. [Emphasis added.]

2. Plaintiffs argue, alternatively, that the violation of an ordinance constitutes a prima facie showing of negligence on the part of defendant, and that he offered no justification of the violation. See *Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 395 P.2d 62 (1964).

3. See *Thompson v. Ford Motor Co.*, supra note 2.