Gordon BENSON and Sharlynn Benson, Plaintiffs and Appellants,

v.

Bert D. AMES, dba Bert D. Ames Construction Co., Defendant and Respondent.

No. 16139.

Supreme Court of Utah.

Dec. 19, 1979.

Robert M. McRae of McRae & DeLand, Vernal, for plaintiffs and appellants.

Dennis L. Draney, Roosevelt, for defendant and respondent.

HALL, Justice:

Appeal from a dismissal of an action filed by Gordon and Sharlynn Benson (hereafter "plaintiffs") against Bert D. Ames (hereafter "defendant"), alleging breach of implied contract and negligence in the construction of a septic tank in a house purchased by plaintiffs.

The house in question, located in Ballard, Uintah County, Utah, was originally built and owned by one Ray Williamson.[1] During the construction of the house, in February of 1977, Williamson approached defendant and requested that the latter install a septic tank disposal system, there being no readily accessible sewage system in the area at the time. Defendant, an experienced contractor in the field of septic tank installation, expressed concern regarding the amenability of soil conditions in the vicinity to septic tank operation, the ground being heavy in clay content and therefore largely impervious. Williamson thereupon made assurances to defendant that the entire project had been approved, and displayed a document giving the results of a soil percolation test performed on September 24, 1976, by Mr. Jess Miller, Uintah County Building Inspector.[2] In reliance on this test, and on the representations of Mr. Williamson, defendant installed a system at the site according to plans furnished by Williamson (with the exception of an expansion in the number of drain fields due to an alteration in the size of the house). Upon installing the system, but prior to backfilling, defendant contacted the Vernal Field Office of the State Division of Health, requesting an additional inspection a representative of that office, Kent Montague, made visual inspection of the site, which inspection revealed no problems or code violations. The Division of Health, however, withheld approval of the system, as Williamson had not furnished it with plans or supporting information. Notwithstanding

this, the system, together with the rest of the house, was completed.

Subsequent to completion, the house was conveyed by Williamson to plaintiffs. Plaintiffs thereupon began experiencing sewage backup, which became so severe that they contacted the Division of Health on June 28, 1977, and requested that an investigation be made. The result of that investigation was a report, by three environmental specialists and a geologist from the Utah Geological and Mineral Survey, stating that the septic tank system had failed due to the impervious nature of the soil (a result of the high clay content), and the high ground water table in the vicinity. The report proposed a modification of the existing system and indicated that periodic pumping and transport was needed, pending connection with a sewer line at some indeterminate time in the future. Defendant entered a bid on the proposed modification, but refused to make the necessary alterations without payment therefor, whereupon this action was filed.

Testimony at trial set the cost of completion of the proposed system at approximately $3,500. The diminution of property value occasioned by the failure of the existing system, together with the expense and inconvenience attendant the proposed pumping and transport system, was estimated to be $7,500.

Following a trial to the court sitting without a jury, it was concluded below that the evidence presented supported a cause of action neither in tort nor contract. Plaintiff's action was dismissed, from which dismissal this appeal is taken.

On appeal, plaintiffs urge this Court to reverse the ruling of the trial court, finding that defendant's installation of the septic tank system was negligent as a matter of law, thus entitling plaintiffs to recover the

---

1. Williamson held title jointly with another, neither of whom were ever parties hereto.

2. The document entered into evidence, and reflecting the results of this test, indicate that Mr. Miller noted a large quantity of red clay in the

soil. At trial, defendant maintained that at the time the construction was being discussed, Williamson did not show him this document, but that the test result he was shown approved the system installation without reservation.

resulting damages.[3] Plaintiffs point out that the State Division of Health's inspection of the septic tank system installed by defendant revealed it to be in violation of the Utah Code of Waste Disposal Regulations.[4] Since the violated provision was enacted to protect individuals in plaintiffs' position from the type of injury which plaintiffs suffered due to defendant's noncompliance, that noncompliance should establish negligence. We are unable to agree with plaintiffs' assertion.

As a general rule, a construction contractor who adequately follows a defective set of plans submitted to him by the owner of the property is not liable to third persons injured as a result of the defect, unless the plans submitted by the owner were so obviously dangerous that under the circumstances no reasonable contractor would have followed them.[5] This rule is merely a specific application of the general standard of care incumbent upon all members of society, pursuant to their interactions one with another: that of a reasonable man under like circumstances.

It is plaintiffs' position, however, that the presence of a statutory violation of the character involved in the present case should establish negligence on the part of the defendant as a matter of law, without further evidentiary consideration. Moreover, claim plaintiffs, such a ruling should be unaffected by the fact that defendant acted in reliance on representations by a public authority that the plans, as submitted, were in compliance with all legal standards. This position misconstrues Utah law.

While in some jurisdictions, violation of a statute designed to protect those in the plaintiffs' position from the type of injury incurred by the plaintiffs as a result of defendant's action establishes negligence as a matter of law, in Utah, such violation is prima facie evidence of negligence only.[6] This means, in essence, that the standard of conduct prescribed by the statute does not supplant the usual standard of care incumbent upon the individual involved (the "reasonable man" standard), but is merely probative of the defendant's compliance or noncompliance with that standard. As such, even given a statutory violation, the negligence or nonnegligence of the defendant remains an issue for the trier of fact,[7] and a ruling thereon may not be disturbed on appeal if it is supported by substantial evidence.[8]

In the present case, there was ample evidence to suggest that defendant voiced his concerns regarding the suitability of a septic tank system under the circumstances, which concerns were answered by represen-

---

3. Plaintiffs' appellate brief makes passing mention of a cause of action in implied contract. Such theory was not urged at trial, nor is it elaborated upon pursuant to this appeal. As the theory was not pursued below, and is not explained here, we abide by the usual rule of appellate review and do not further address the matter.

4. The Code of Waste Disposal Regulations, at IV(6), states that "In areas where absorption systems are to be constructed, soil cover must be adequate to insure at least four feet of soil between bedrock, or any other impervious formation, and the bottom of absorption systems. High ground water elevation must be at least one foot below the bottom of absorption systems and at least four feet below finished grade."

5. *Andrus v. State*, Utah, 541 P.2d 1117 (1975).

6. *Intermountain Farmers Ass'n v. Fitzgerald*, Utah, 574 P.2d 1162 (1978); *Klafta v. Smith*, 17 Utah 2d 65, 404 P.2d 659 (1965); *Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 395 P.2d 62 (1964).

7. *Jensen v. Dolen*, 12 Utah 2d 404, 367 P.2d 191 (1962); *Charvoz v. Cottrell*, 12 Utah 2d 25, 361 P.2d 516 (1961); *Webb v. Olin Mathieson Chemical Corp.*, 9 Utah 2d 275, 342 P.2d 1094 (1959).

8. *Webb v. Olin Mathieson Chemical Corp.*, cited supra; *Leon Glazier and Sons, Inc. v. Larsen*, 26 Utah 2d 429, 491 P.2d 226 (1971).

tations by Williamson and by the results of a government test of the site; that defendant habitually relied upon such government tests in construction of septic tank systems, with no prior mishaps; that such reliance is standard practice in the industry; and that defendant sought and received further assurances from the State Division of Health prior to completing the system. As such, the trial court's refusal to find that defendant was negligent is not subject to reversal.

The affirmance of the trial court's finding on the issue of negligence being dispositive of this case, we do not consider defendant's other assertions.

The action of the trial court is affirmed. Costs awarded to defendant.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.