ADVANCE AIR CONDITIONING CO. v. CAIN'S TRUCK LINES.

No. 32476. Dec. 17, 1946.

*175 P. 2d 338.*

I. J. Underwood, Paul Pinson, M. C. Rodolf, and O. L. Lupardus, all of Tulsa, for plaintiff in error.

Hall & Cotten, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action

brought by Advance Air Conditioning Company, a corporation, against Cain's Truck Lines to recover damages to several shipments of goods while in transit and which it is alleged occurred after delivery to defendant for transportation.

The trial was to the court and resulted in a judgment in favor of defendant. Plaintiff has appealed and asserts that the judgment is not sustained by the evidence and is contrary to law.

Plaintiff offered, in substance, the following evidence: That defendant is engaged in the business of transporting freight for hire; that on September 25, 1942, and on January 29, 1943, plaintiff delivered to defendant at Los Angeles, Cal., several heaters for transportation to Tulsa, Okla.; that defendant accepted, agreed to, and did transport such heaters to their destination at Tulsa, Okla., and that plaintiff paid the transportation charges; that the first shipment consisted of nine heaters and the second ten; that they were properly crated and delivered to the defendant for transportation in good condition, and that they arrived at their destination in a damaged condition; that the heater jackets were badly damaged, that mechanical parts were broken and on some of the heaters the safety trip valves were broken. It is not disputed that the heaters arrived at their destination in such damaged condition.

It is contended by plaintiff that the defendant was a qualified insurer of the shipments, and since it has shown that the goods were delivered to the defendant in good condition and that they arrived at their destination in a damaged condition, it made out a prima facie case, and that the burden shifted to defendant to show that the damage resulted from one of the causes exempting it from liability as such insurer; that defendant has failed to make such showing, and that the judgment should therefore have been rendered in its favor.

It is well established both under our statute and the common law that a common carrier of freight is a qualified insurer of all goods delivered to it for transportation and is liable for all losses or injuries thereto except such as arise from an act of God or of the public enemy, or the inherent nature or quality of the goods or the act or fault of the owner or shipper. 13 O. S. 1941 § 131; 13 C. J. S. p. 131, § 71.

The defense was that the damage to the heaters was due solely to the fault of the shipper; that the heaters were not properly crated and that such improper crating was the sole cause of damage. This defense, if proven, constitutes a complete defense to plaintiff's cause of action. In vol. 13 C. J. S. p. 150 § 78, it is said:

"One of the exceptions to the carrier's common-law liability arises in cases where the injuries are due to the improper packing of the goods by the shipper. Accordingly, if goods are improperly packed and this fact is not apparent or known to the carrier, it is not liable for loss or injury resulting in the ordinary course of handling and transporting from such improper packing, if it is itself free from negligence, although, if the carrier is guilty of negligence but for which the damage would not have occurred, it is liable even though the improper packing is not apparent."

The author then, after stating the rule to be that where a carrier accepts for transportation goods which it knows to be defectively packed or which by the exercise of reasonable care it could have observed were defectively packed and it assumes to carry the goods as they are, its common-law liability as a carrier then attaches, further says:

"It cannot be said, however, under this rule that the carrier must, at his peril, know that the goods are not in fact safely packed. The shipper usually knows better than the carrier the manner in which the goods have been packed, and the manner in which they should be packed, and even though the carrier may have knowledge of some defect in the packing, still if it is not apparent to the ordinary observation of

the carrier or his servants that the goods cannot be safely carried in the condition in which they are presented, the carrier should not be held to take the chances of injury from improper packing."

It is the general rule that where goods are defectively packed or crated and such defect is not apparent and cannot be observed or seen by the carrier, it is not bound to make an inspection for the purpose of discovering whether they are properly packed or crated prior to accepting the same for shipment, and if by reason thereof the goods are damaged while in its possession as such carrier, it will not be held liable under its common-law liability as an insurer. See annotations 81 A. L. R. p. 811.

Defendant, in order to support its defense, offered, in substance, the following evidence: that the heaters were not properly crated; that they were not tied or fastened to the bottom of the crates as they should have been; that by reason thereof the heaters slid and moved back and forth from one side of the crates to the other and the damage was caused by the heaters striking the sides of the crates; that the defective crating could not have been seen or observed without opening the crates. Defendant also offered evidence which is undisputed that all of the heaters were damaged in like manner. This fact, in our opinion, is a strong circumstance tending to support the theory of the defense. Plaintiff offered no evidence tending to prove that the damage was in any manner caused by the negligence of defendant.

Under this evidence the trial court found the issues in favor of defendant and rendered judgment in its favor.

We cannot say that the judgment rendered is not sustained by the evidence or that it is contrary to law.

Judgment affirmed.

HURST; V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.