Earl E. TAYLOR and Ruth E. Taylor, his wife, Appellants,

v.

NATIONAL TRAILER CONVOY, INC., a corporation, Appellee.

No. 101–70.

United States Court of Appeals, Tenth Circuit.

Nov. 10, 1970.

**570**

Carloss Wadlington, Ada, Okl., for appellants.

Richard D. Wagner, Tulsa, Okl. (Alfred B. Knight, Tulsa, Okl., on the brief) for appellee.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This diversity suit was instituted in the Eastern District of Oklahoma to recover damages for the alleged conversion of a mobile home, for the withholding of its contents, and for damage done to the contents. The case was tried to a jury which returned a verdict for the defendant.

The undisputed facts outline the relevant circumstances. The appellant purchased the house trailer new on August 28, 1967, for $5955.06. About June 1, 1968, appellants contacted appellee, a common carrier engaged in moving mobile homes, to transport their trailer from Daisy, Oklahoma, to a place near Gore, Oklahoma. On June 3, employees of appellee, along with a friend of appellants who drove the "pilot" truck for the move, prepared the trailer and began the trek to Gore.

During the afternoon of June 3, the right rear tire on the trailer suffered a blowout near Eufaula, Oklahoma. Because it was late, and due to the absence of a replacement tire, the trailer was left at Eufaula overnight. The next day, a different wheel and tire were mounted on the mobile home. The journey continued until the caravan approached Webber Falls, Oklahoma, where the right rear rim and tire came off the axle. When the wheel came off, the adjacent portions of the trailer were extensively damaged. Temporary repairs were made and the house trailer was transported on to its destination.

After inspecting the damages incurred, the appellants concluded that the repair bill would exceed the moving costs and thereby withheld the transportation fee and refused to sign the bill of lading. The appellee then had the trailer towed to Ft. Smith, Arkansas, for storage. The trailer was kept at Ft. Smith by appellee until March, 1969, when it was turned over to the original conditional vendor. Before repossession was effected, the appellants had defaulted on their payments, leaving about $4,000 due the vendor.

■ The first error urged is that the trial court failed to properly instruct the jury as to the defendant's burden of proof. In Oklahoma, "[i]t is well established both under * * * statute and the common law that a common carrier of freight is a qualified insurer of all goods delivered to it for transportation and is liable for all losses or injuries thereto except such as arise from an act of God or of the public enemy, or the inherent nature or quality of the goods or the act or fault of the owner or shipper. 13 O.S. § 131. * * *" Advance Air Conditioning Company v. Cain's Truck Lines, 198 Okl. 735, 175 P.2d 338, 340 (1946). If loss or injury to the goods occurs while in the possession of the common carrier, a prima facie case is made against it and if the carrier relies on exceptions to such rule as a defense, the burden is on it to establish the exception.[1]

■■ Ordinarily we would have no difficulty in reaching the merits of this argument. But here, as appellants ad-

---

1. Advance Air Conditioning Co. v. Cain's Truck Lines, 198 Okl. 73, 175 P.2d 338 (1946); St. Louis-San Francisco Ry. Co. v. Bengal Lumber Co., 145 Okl. 124, 292 P. 52 (1930).

mit, the alleged defect was not objected to at the trial stage. In accord with Rule 51, F.R.Civ.P., 28 U.S.C., this court has held on numerous occasions that any objections to instructions must be made of record after the court has given its instructions to the jury and before the jury retires to deliberate. Chiodo v. General Waterworks Corporation, 380 F.2d 860 (10th Cir. 1967) and cases cited therein. Only if due process rights are involved, Gomes v. Williams, 420 F. 2d 1364 (10th Cir. 1970), or if the error is otherwise plain and fundamental, Allen v. Nelson Dodd Produce Company, 207 F.2d 296 (10th Cir. 1953), will we review errors first raised on appeal.

■ Recognizing that instructions on burden of proof are always crucial to the outcome of a trial, we have summarily lifted excerpts from the instructions which we believe negate the claimed deficiency. The court said:

"In this instance, the plaintiff was entitled, under the law generally, to payment of the freight before delivering, before he is required to deliver the house trailer. If he is not paid those freight charges, he is entitled to keep the trailer for that reason, and as a protection of his lien for freight charges.

"But this is superseded if, in the course of transporting the house trailer * * * the trailer is damaged by the carrier and this damage obviously exceeds the freight charges * * *. In other words, if the damage is the fault of the carrier, and that damage exceeds the freight charge, then, under the law the carrier has no right to refuse delivery until payment of the freight charges.

"So, that puts the defendant in this case of having to be right in order to be justified in refusing to turn over this trailer at Gore to the plaintiffs. If you find, then, that the condition in which the trailer arrived at Gore was attributable to a defect in the trailer —and the defect that has been mentioned and has been argued to you,

and about which there is some evidence, of course, if the inadequacy of the frame work, the under pendings (*sic*), I guess, of the trailer—if you find that is the reason that this trailer arrived in damaged condition then, the carrier was entitled to withhold delivery * * *.

"But, as I said, in this matter of withholding delivery and the consequences that then occurred, the carrier had to be right.

"Wrongful intent is not required to make out conversion and no matter how well motivated they may have been, it was necessary, if the damage was caused by them—well, it was necessary for them to be legally right in this matter in order to avoid having converted his house trailer."

Taken as a whole, the instructions do not violate due process rights or constitute plain and fundamental error. Although the language is not stylized as appellants' lawyers prefer, the clear meaning was that before the defendant could succeed it has to prove its theory to be the correct one; that is precisely what the forum law required. We do not find the instructions misleading or contrary to prevailing Oklahoma law.

■ Appellants secondly contend that the trial court erroneously instructed on the issue of damages. On its face this argument is without merit. Here the jury obviously never considered the question of damages, inasmuch as the initial question of liability was decided in favor of the defendant. Thus, even assuming error, it must be denoted as harmless.

■ Third, it is urged that the district court erred in failing to direct a verdict in appellants' favor at the close of the evidence. It is proper for a court to withdraw a case from the jury and direct a verdict only in limited circumstances. A directed verdict is proper only where the evidence and all the inferences to be drawn therefrom are so patent that minds of reasonable men could not differ as to the conclusions to

be drawn therefrom. Gulf Insurance Company v. Kolob Corporation, 404 F.2d 115 (10th Cir. 1968); Lumbermens Mutual Casualty Company v. Rhodes, 403 F.2d 2 (10th Cir. 1968); United States Steel v. Warner, 378 F.2d 995 (10th Cir. 1967); Martin K. Eby Construction Company v. Neely, 344 F.2d 482 (10th Cir. 1965).

■ Appellants assert that there was no substantial evidence that the cause of the wheel coming off the trailer at Webber Falls was due to a defect in the trailer. Actually, it was never denied that the trailer's center brace had broken allowing the side frame of the trailer to press against and force the right wheel outward. Expert witnesses from both sides agreed that the frame had to spread—due to the broken brace—pushing the wheel over the fittings. And, appellants' employee who drove the pilot truck testified that it was the broken frame which caused the wheel to come off. This same employee concluded that the brace gave way because of "too weak of material put in there by the trailer company." On the question of appellee's negligence, the real issue dealt with the time the brace broke—before, during or after the flat tire at Eufaula. On that point there was a clear conflict of testimony. On this state of the evidence, it is plain that there were bona fide questions of fact and it would undoubtedly have been error for the trial court to have directed a verdict.

Finally, appellants complain that the district court committed error in overruling their motion for new trial without granting the motions simultaneously filed to permit further discovery. In essence, appellants sought to discover a signed statement of appellee's truck driver given to an adjuster. It was contended that the statement would impeach the driver's testimony as to the cause of damage to the trailer.

In overruling the motion for new trial, and the appended motions for discovery, the district court observed: "[T]he plaintiffs are not entitled to a new trial and no different conclusion could properly be reached by the court even if plaintiffs established to the satisfaction of the court all of the allegations set out with respect to the witness Leachman in their motion for a new trial." We agree.

Affirmed.