**Louise D. HANSEN, Plaintiff-Appellee,**

v.

**NICHOLAS MOVING & STORAGE, INC.,** formerly known as City Transfer & Storage Co., Inc., an Idaho Corporation, and Hughie F. Weighall, Defendants-Appellants.

**No. 642–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1971.

Harold G. Christensen, of Worsley, Snow & Christensen, Salt Lake City, Utah, for defendants-appellants.

Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, Utah (Richard M. Taylor, Spanish Fork, Utah, with him on the brief), for plaintiff-appellee.

Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This diversity suit was brought by Louise Hansen against Nicholas Moving & Storage, Inc., and its agent, Hughie Weighall, a truck driver, to recover for the wrongful death of her daughter, Susan Hansen, and for damages for plaintiff's own injuries. The cause arose out of a collision between defendants' truck and plaintiff's automobile.

The United States District Court for the District of Utah directed a verdict in favor of the plaintiff on the issue of her own injuries, submitting the attendant issue of damages on the wrongful death claim to the jury. Plaintiff was awarded $27,500.00 for her own injuries, and a verdict for defendants was returned on the wrongful death claim. Subsequently the court granted plaintiff's motion for judgment n. o. v. on the wrongful death claim, and upon new trial on the issue of damages only the jury returned a verdict for plaintiff.

Plaintiff owned the automobile which her daughter, Susan Hansen, was driving and in which plaintiff was riding at the time of the accident. They were driving north on a paved, two-lane highway, thirty feet wide including the paved shoulders. They were approaching on their left a junction with a county road which forms a "T" intersection with U.S. 89. Road conditions were normal, the highway was straight and level, and the accident occurred about noon on a clear, sunny day. Susan Hansen passed a camper truck and trailer being driven by a Mr. Horner, and just after passing she turned back into the northbound lane, began to decelerate, and

stayed on the far right side of the highway. Mr. Horner braked his vehicles to maintain his distance from the Hansen car. Just ahead was the county road junction on the left and on the right an area just large enough to permit an automobile to pull off the road. As both the Hansen and Horner vehicles were slowing down, defendant Weighall, driving in the same direction, approached the Horner vehicles from behind in his semi-trailer truck, and he turned out into the southbound lane in order to pass both vehicles. He had seen the Hansen car pass the Horner truck and trailer and was aware of the county road intersection, having driven in this area on numerous occasions. Just as Weighall's truck was about even with Horner's camper, Susan Hansen attempted an unsignaled left turn from the right hand portion of the road onto the county road. One hundred forty feet south of the intersection Weighall swerved to the far west side of the southbound lane to avoid the car, but the right front end of his truck collided with the left front end of the Hansen automobile, and both vehicles slid two hundred twenty-four feet before Weighall's truck came to a stop; the Hansen vehicle slid another fifty-four feet. Weighall was driving a tractor with a semi-trailer loaded with coal, and the vehicle and load weighed about forty tons. Susan Hansen died in the collision, and Mrs. Hansen was injured.

At trial the plaintiff-appellee contended that Mr. Weighall was negligent in passing at an intersection, in traveling at an excessive rate of speed, and in failing to keep a proper lookout. The defendants denied negligence, contending that Susan Hansen was negligent in attempting an unsafe turn, without giving a signal, and in failing to keep a proper lookout. Defendants further contended that Susan Hansen's negligence was a bar to recovery on the wrongful death claim as well as on the injury claim on the theory that her negligence could be imputed to plaintiff as the owner in presumptive control of the

automobile. Mrs. Hansen had no recollection of the accident.

At the conclusion of the evidence the court instructed the jury that Weighall was negligent as a matter of law, that his negligence was a proximate cause of the accident as a matter of law, that Mrs. Hansen was not negligent herself, nor could any negligence of her daughter be imputed to her, and that any negligence of her daughter would not bar recovery by Mrs. Hansen for her own injuries. The trial judge also commented to the jury on the credibility of one of the defense witnesses.

The jury found Susan Hansen contributorily negligent and awarded damages of $27,500.00 for Mrs. Hansen's personal injuries only. On plaintiff's motion for a judgment n. o. v., the court set aside the verdict for defendants on the wrongful death claim, stating as a matter of law that Weighall's negligence was the sole proximate cause of the accident. Retrial on the damage issue resulted in a verdict for plaintiff on the wrongful death claim.

Utah law states that "[n]o vehicle shall at any time be driven to the left side of the roadway * * * [w]hen approaching within 100 feet of or traversing any intersection * * *." U. C.A.1953, § 41–6–58(a) (2). Two issues have been raised as to this statute; the first is whether a T-junction is an "intersection" within the meaning of the statute, and the second is whether the court should have instructed the jury that Weighall's violation of the statute constituted negligence as a matter of law.

Whether the junction into which the decedent attempted to turn is an intersection is not an issue which has survived for this appeal. The pretrial order was framed on the assumption that this was an intersection, and the case was tried on the same basis.

The record demonstrates that the truck of defendants was at the time of the accident in a position on the highway constituting a violation of the statute prohibiting passing at intersections. As to the consequences thereof appellant cites Thompson v. Ford Motor Co., 16 Utah 2d 30, 395 P.2d 62 (1964), where the court said:

> " * * * [T]his court has in a number of cases, * * * reaffirmed the view, which we think is the correct one, that violation of a standard of safety set by statute * * * is to be regarded as prima facie evidence of negligence, but is subject to justification or excuse if the evidence is such that it reasonably could be found that the conduct was nevertheless within the standard of reasonable care under the circumstances."

In the Thompson case the court was addressing itself to violations of traffic statutes in general, though the same view was subsequently applied to a violation of the Utah no-passing statute in Platis v. United States, D.C., 288 F. Supp. 254 (1968), where the court cited a second case appellant relies on, namely Klafta v. Smith, 17 Utah 2d 65, 404 P.2d 659 (1965), also a prima facie case, and held that violation of the statute constituted prima facie evidence of negligence subject to the showing of an excuse therefor to demonstrate that the conduct was nevertheless within acceptable standards of due care. Consequently, in the absence of an "excuse," and the record here shows none, it was not error for the trial court to charge the jury as a matter of law that the violation of a no-passing statute constituted negligence as was here done.

The second major question is whether Susan Hansen was contributorily negligent in attempting to make an unsafe turn, or in turning without signalling, or in failing to keep a proper lookout. The question was first submitted to the jury, and the jury found her contributorily negligent, but upon plaintiff's motion for judgment notwithstanding the verdict, the court set aside the jury's verdict of no cause on the wrongful death claim, stating that Weighall's neg-

ligence was the sole proximate cause of the accident.

■ It is uncontroverted that Susan Hansen attempted the turn from an improper position on the highway without signalling, and such a turn violates sections 41–6–66 and 41–6–69, U.C.A.1953. Appellant suggests that the consequences of a violation of a statutory traffic regulation by decedent warrant a finding of contributory negligence on her part as a matter of law. This may be possible, but the question need not be decided. There were questions of fact relating to the decedent's acts, and the consequences of her negligence, which were submitted in the first instance to the jury and properly so. The evidence as presented on this point did not permit the trial court to take this issue from the jury and the judgment n. o. v. was in error. In Taylor v. National Trailer Convoy, Inc., 433 F.2d 569 (10th Cir.), the standard as to a directed verdict was considered. We there said:

"* * * A directed verdict is proper only where the evidence and all the inferences to be drawn therefrom are so patent that minds of reasonable men could not differ as to the conclusions to be drawn therefrom. * * *"

See also Martin K. Eby Construction Co. v. Neely, 344 F.2d 482 (10th Cir.), and Lumbermens Mutual Casualty Co. v. Rhodes, 403 F.2d 2 (10th Cir.). We cannot say that the record in the case before us on the matter of the negligence of the decedent and its relation to the cause of the accident is so clear that reasonable men would arrive at only one conclusion. The issue was thus properly submitted to the jury in the first instance.

■ Appellant also contends that Mrs. Hansen was negligent in failing to observe the oncoming truck and in failing to warn her daughter, and it is further contended that the daughter's negligence, if any, was imputable to Mrs. Hansen. There is nothing in the record to indicate that Mrs. Hansen was negligent in her capacity as a passenger. It is established law in Utah that a passenger has no duty to concern himself with the operation of a car unless some danger has become obvious to him or he has reason to believe that the driver lacks the ability to operate the vehicle. Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287 (1953); Hudson v. Union Pacific R. R., 120 Utah 245, 233 P.2d 357 (1951); Jackson v. Utah Rapid Transit Co., 77 Utah 21, 290 P. 970 (1930). There was no such showing here.

■ It is further urged that any fault of Susan Hansen is attributable to her mother, thereby defeating Mrs. Hansen's recovery on the personal injury portion of her claim. The general rule has been stated in Fox v. Lavender, 89 Utah 115, 56 P.2d 1049 (1936): On the theory that an agency relationship may be implied from ownership, a presumption of control arises where an owner present in his automobile allows or permits another to drive. This presumption, if it would be applicable to these circumstances, was overcome by the evidence relating to the daughter's customary use of the car and the purpose of this trip.

As to the appellant's contention that the trial court erred in denying their motion for a new trial on the injury portion of Mrs. Hansen's claim on the ground that the verdict was excessive, we agree with the appellee. We cannot conclude under this record that the jury was biased, prejudiced, impassioned, and inflamed in returning this verdict. Also we cannot say that the trial court exceeded reasonable comment on the evidence in his instructions to the jury.

The case is remanded with directions to reinstate the jury verdict on the wrongful death claim and to enter judgment for defendants thereon. The judgment for plaintiff on the claim for her personal injuries is affirmed.