## SALZNER v. JOS. J. SNELL ESTATE CORPORATION.

No. 4983. Decided December 7, 1932. (16 P. [2d] 923.)

*Bagley, Judd & Ray,* of Salt Lake City, for appellant.

*Backman & Backman* and *James Devine,* all of Salt Lake City, for respondent.

EPHRAIM HANSON, J.

The plaintiff and the defendant entered into an agreement in writing whereby plaintiff as a building contractor agreed to make certain changes and alterations in defendant's building in Salt Lake City. The contract was a standard form of architects' contracts and provided that the contractor, the plaintiff herein, should provide all the material and do all the work for the alterations on the building in question as shown on the drawings and described in the specifications prepared by the architect, which drawings and specifications became a part of the contract. The work was to be done under the direction of the architect and his decision as to the true construction and meaning of the drawings and specifications was to be final. Such additional drawings and explanations as might be necessary to detail and illustrate the work were to be furnished by the architect. The contract further provided:

"Art. III. No alterations shall be made in the work except upon written order of the Architect; the amount to be paid by the Owner or allowed by the Contractor by virtue of such alterations to be stated in said order. Should the Owner and Contractor not agree as to amount to be paid or allowed, the work shall go on under the order required above, and in case of failure to agree, the determination of said amount shall be referred to arbitration, as provided for in Art. XII of this contract.

"Art. XII. In case the Owner and Contractor fail to agree in relation to matters of payment, allowance or loss referred to in Arts. III or VIII of this contract, or should either of them dissent from the decision of the Architect referred to in Art. VII of this contract, which dissent shall have been filed in writing with the Architect within ten days of the announcement of such decision, then the matter shall be referred to a Board of Arbitration to consist of one person selected by the Owner, and one person selected by the Contractor, these two to select a third. The decision of any two of this Board shall be final and binding on both parties hereto. Each party hereto shall pay one-half of the expense of such reference."

The complaint alleged that during the course of the making of the alterations and improvements the defendant requested plaintiff to do certain additional alterations and improvements not included in the plans and specifications and not contemplated by the parties at the time of the making of the contract. Plaintiff alleged that there was an unpaid balance of $1,757.80 for the alterations and improvements, and prayed judgment against the defendant for same.

For convenience, the additional alterations and improvements are designated herein, as they were in the complaint and the court's findings, as "extra work."

The answer originally filed was a general denial of any balance due the plaintiff for this extra work. Afterwards an amendment to the answer was filed in which it was alleged that any amount which might be due plaintiff on account of the extra work was due him from Wolfe Bros., Inc., and not from the defendant; that prior to the commencing of the action a dispute arose between plaintiff on one side and the defendant and Wolfe Bros., Inc., on the other as to

what amount was due plaintiff on account of extras, and that, if defendant was indebted to the plaintiff in any amount on account of said extras, then the amount of such indebtedness would not exceed $468, and that defendant was willing to pay said sum in full satisfaction of plaintiff's claim. Afterwards another amendment was filed in which the defendant alleged that it was entitled to certain credits in the sum of $200 and that it was entitled to an offset against said sum of $468, which it had admitted was due the plaintiff, in said sum of $200, and that, if defendant was indebted to the plaintiff in any sum it would not exceed the sum of $268 which defendant was willing to pay in full satisfaction of plaintiff's claim.

It appears that Wolfe Bros., Inc., was the tenant of the building, and the alterations and improvements were being made by the owner for the convenience of his tenant.

A trial was had before the court sitting without a jury. At the conclusion of plaintiff's evidence, the defendant moved for a nonsuit, except as to those amounts which the defendant admitted it owed the plaintiff, upon the ground and for the reason that there was no evidence that the defendant ever authorized or approved any of the extras, and that it was provided in the contract that no change in the plans and specifications should be made unless in pursuance of a written order by the owner, signed or countersigned by the architect, or on a written order from the architect stating that the owner had authorized the change and that no claim for an addition to the contract sum should be valid unless so ordered. This motion was denied, and the defendant then proceeded with its evidence, at the conclusion of which the court rendered judgment in favor of the plaintiff for the sum of $1,374 for the extra work done. The court found that the extra work consisted of the following:

1. Enlarging two entrances at front of building and building brick wall around rear entrance ......................$  84.00
2. New floor joists and foundations at rear and south side of store building  .......................................  77.00

3. Paid Western Iron & Bronze Works for safety devices on
   doors ............................................... 32.00
4. Paid C. A. Chindgren for hauling ashes and rubbish from
   basement .......................................... 35.00
5. Enlarging front and windows, cement stairs to basement.. 242.20
6. Removing floor in basement ........................... 35.00
7. Remodeling front of second and third stories to top of
   building as per revised plans of architect .............. 1,111.00

                                                            $1,616.20

The court allowed the defendant a credit on this amount of $242.20, leaving the balance of $1,374 in favor of the plaintiff. The defendant appeals and requests this court to reverse the judgment of the lower court, and assigns as error the following: That the complaint does not ■ state a cause of action for the reason that the contract which is made a part of the complaint provides that the parties are required to submit any dispute arising as to matters of payment, allowance, or loss to arbitration, and that the parties to said contract were to be bound by the award of said arbitration, and that it did not appear from the complaint that plaintiff ever submitted or offered to submit his claim to arbitration, or that any arbitration was ever had or any award ever made; that the finding of the court that defendant promised and agreed to pay plaintiff for the extra work was not supported by the evidence; that, inasmuch as no written order from the architect was ever made for the extra work, the same should not be allowed under the contract. The defendant, in its answer, did not set up either the question of arbitration, or that the written order for the extra work was not given by the architect as provided in article III of the contract, but proceeded to trial on the issue that the plaintiff had not performed the extra work to the extent that he claimed but had performed extra work amounting, as claimed by the second amendment to the answer, to $268. The failure to submit to arbitration is raised for the first time in this court. The provision in the original contract does not make arbitration a condition pre-

cedent to bringing the action. The rule is that, if the contract provides for an arbitration or appraisal and an award, but does not make compliance with such a provision a condition precedent, the complaint need not affirmatively show that an arbitration has been had and an award made, or that the plaintiff requested an arbitration, or that failure to arbitrate was through his default, or that the defendant has not demanded an arbitration. 2 Bancroft, Code Pleading, p. 1268 § 869, and cases cited.

"But the courts generally will not construe an arbitration clause as ousting them of their jurisdiction unless such construction is inevitable, and consequently when the arbitration clause is not made a condition precedent by express words or necessary implication, it will be construed as merely collateral to the liability clause, and so no bar to an action in the courts without an award." 2 R. C. L. § 12, p. 363. See, also, 5 C. J. § 70, p. 45, and cases cited; *Hamilton* v. *Home Insurance Co.*, 137 U. S. 370, 11 S. Ct. 133, 34 L. Ed. 708.

Arbitration, under such a provision as is found in this agreement, is for the defendant to plead if he relies upon it, and to aver that he demanded and that plaintiff refused a submission to arbitration, and if neither party makes any claim upon the provision for arbitration it is waived. The defendant, by failing to raise the question in its answer, even though it could have raised it, has waived its right to be heard on that question here.

Defendant also complains of the court's finding to the effect that the defendant promised and agreed to pay plaintiff for the extra work. The item of which the defendant complains most seriously is $1,111, which was for remodeling the front of the building. It appears from the evidence that, after the alterations under the contract had progressed for a certain time, the city building inspector of Salt Lake City objected to the alterations that were being made at the front of the building, and, in order to comply with the requirements laid down by the building inspector, the plans and specifications as provided in the original contract were departed from, and other plans and specifications materially

changing the original plan were prepared, that the plaintiff did the remodeling and made the alterations at the front of the building under these new plans and specifications. The extra work called for by these new plans and specifications amounted, according to the plaintiff's evidence, to $1,111. The work was done under the direction of the defendant's architect; the manager of the defendant company visited the building frequently as the wrok progressed and was familiar with the alterations that were being made and made no objection whatever to the work as it was done. The architect testified that he issued a final certificate to the plaintiff that there was due him for extra work the sum of $1,757.80 in which was included the amount of $1,111 for the extra work at the front of the building; that the alterations were made under his supervision; and that he made a new sketch for the front in which were embodied the suggestions of the building inspector, and as he recollected it he received the instructions to proceed from Mr. Snell, the manager of the defendant, and the certificate which he issued covered this extra work on the front as well as other extras.

The provision in the contract that "no alteration shall be made in the work except upon written order of the architect, the amount to be paid by the owner or allowed by the contractor by virtue of such alteration to be stated in said order" could not and should not apply to the extra work done by the plaintiff.

"Such provision is intended for the benefit of the employer; but it does not apply to work done pursuant to alterations made by a subsequent agreement." 9 C. J. § 28, p. 704, and cases there cited.

It is clear from the evidence that new plans and specifations were made so as to comply with the requirements of the city building inspector and that it was under these new plans and specifications that the extra work at the front of the building was done. This holding also disposes of the defendant's other contention that there was

no evidence to support the finding of the trial court that the defendant promised to pay for this extra work.

Upon a careful examination of the entire evidence on this question, we think there was ample evidence to support the court's finding, and we are not disposed to interfere with it on this appeal.

The judgment of the trial court should be and hereby is affirmed; costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.