389 P.2d 66

A. Z. RICHARDS and A. H. Sorensen, Partners, doing business under the firm name of Caldwell, Richards & Sorensen, Plaintiffs and Respondents,

v.

LAKE HILLS, a corporation, Defendant and Appellant.

No. 9885.

Supreme Court of Utah.

Feb. 7, 1964.

———————

Dansie & Ellett, Murray, for appellant.

Skeen & Skeen, Salt Lake City, for respondents.

CROCKETT, Justice:

Caldwell, Richards and Sorensen, a partnership, sued to recover for engineering services rendered the defendant in connection with developing Lake Hills, a cemetery and memorial park at 10101 South State in Salt Lake County. Upon trial to the court it entered judgment for plaintiffs for $7,133.05 plus interest.

Defendant appeals, urging 1) that the work was done under an express agreement that the services rendered would not be paid until the land defendant had purchased for the cemetery had been paid for; 2) that there had been an accord and satisfaction of the claim; and 3) error in refusing to admit evidence relating to 2) above.

The facts are reviewed in the light favorable to the findings and judgment.

*The Agreement.*

The agreement which is the subject of this controversy was initiated in April, 1954, between Charles Merrill, who was promoting the development of Lake Hills, and A. Z. Richards, senior partner of the plaintiffs. Their understanding was not reduced to writing so the court had to determine what it was from what had been said and done about it. The engineering services required were rendered during the years 1954 to 1960. It is undoubted that Mr. Richards understood at the outset that Lake Hills could not pay for the services promptly and that he agreed to "wait for his money." The dispute is as to the length of time he was to wait and the amount of money he was to receive.

Mr. Merrill asserted that Richards agreed to go along with the promotion until the land purchased for the memorial park was paid for, (this would be beyond the year, 1970,) and in consideration of his waiting, was to receive double his regular engineering fees. Mr. Richards, who was 79 at the time of the trial, did not deny that he was to "wait for his money" for some time, but insisted that he did not agree to wait until the land was paid off, nor for any particular time, but that it was contemplated that the money would be available and the fees paid within a reasonable time. Corroborative of Mr. Merrill's version, at

least as to an extended delay, is the fact that Lake Hills was later billed for the double fee. But after unsuccessful attempts at collection, plaintiffs brought action for their regular fees.

■ The determination made by the trial court finds support in these principles: that where one party performs work for another who accepts its benefits, the law implies that reasonable compensation will be paid; that unless otherwise agreed, payment will become due as the work is done, or at least within a reasonable time; and that if the recipient of the service is to be relieved of this obligation, the burden of proof is on him to show otherwise. Upon conflicting testimony the court was not convinced by defendant's evidence. On the contrary, it found for the plaintiffs, allowing recovery on the basis of usual charges for such services; found that no specific time was agreed upon and properly ruled that under such circumstances payment should be made within a reasonable time, which had expired, and rendered judgment accordingly in the principal amount of $7,133.05. However, in view of the plaintiff's agreement as to deferred payment, interest was properly allowed only after October 1, 1960.

*Accord And Satisfaction.*

■ This claim related to a proffer by defendant of a noninterest-bearing "debenture" in the sum of $10,000 which defendant asserts plaintiffs accepted as payment. The evidence is that after it was tendered the plaintiffs returned it with a letter rejecting it on the grounds that it did not cover the amount of money owed, and that the basis for payment was unacceptable. This is easy to believe because of its terms. The words "maturity date September 15, 1975" were typed in, but in the body it provides that it is payable 50 years after date; and further, that payment is to be made out of a sinking fund to be set aside from 10% of the sales price of each burial lot sold after three million dollars had been realized and invested in development of the cemetery. Mr. Merrill testified that this condition would not be completed until about 1978. It should hardly require comment that the court was justified in believing that a man in his 70's rejected the offer of this bond. The evidence certainly does not compel a finding that the parties came to an understanding of terms and agreed upon an accord and satisfaction.

*Ruling On Evidence.*

■ The court sustained objection to questions put to the defendant's comptroller, Homer R. Don, as to whether Mr. Merrill had made certain statements to him over the telephone about the acceptance of the bond above referred to. The ruling was correct even though Mr. Rich-

ards may have been in the presence of Mr. Merrill. He was not in the presence of Mr. Don and the latter had no direct knowledge of Mr. Richards' participation in or reaction to any such statements.[1]

The trial court's finding and judgment being supported by substantial evidence, is affirmed but with interest only from October 1, 1960. Costs to plaintiffs (respondents).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

---

1. See State Bank of Beaver County v. Hollingshead, 82 Utah 416, 25 P.2d 612; and Quealy v. Sullivan, 42 Utah 565, 132 P. 4.