417 P.2d 755

RICHARDS CONTRACTING COMPANY, a partnership consisting of Belmont Richards and James B. Richards, Plaintiff and Respondent,

v.

FULLMER BROTHERS, a partnership, Frank H. Fullmer, David Fullmer and Willard Fullmer, partners, dba Fullmer Brothers, and Pacific Indemnity Company, a corporation, Defendants and Appellants.

No. 10381.

Supreme Court of Utah.

Aug. 9, 1966.

Clyde, Mecham & Pratt, Allan E. Mecham, Salt Lake City, for appellants.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment entered on a jury verdict in favor of Richards, subcontractor, against Fullmer, contractor, to build a trailer camp, on the ground that Richards did work in excess of his contract with Fullmer, at the latter's request or acquiescence. Affirmed, with costs to Richards.

Fullmer says 1) the jury award was excessive and 2) Richards in any event cannot recover because he didn't get written authorization, a requirement in the contract, to do any extra work.

It is recognized that such a contract is controlling,—except where the contractor verbally encourages the subcontractor to do the extra work with the express or implied promise that it would be paid for,—as appears to be the case here. A portion of such extra work actually was paid for by Fullmer, and the only question is whether anything above this amount should be paid for, which the jury said "yes," in an amount certain. That the jury's assessment

**178**

was excessive, is not borne out, since the whole thing was based on controverted evidence, that does not appear from this voluminous record to have been arbitrary or motivated by passion or prejudice. Fullmer says it was, Richards says it wasn't, the former selecting evidence most favorable to its side, and Richards doing the same, in which event on appellate review, customarily, we do not disturb the jury. We do not think the evidence was so overwhelmingly in favor of Fullmer as to render the jury's verdict offensive as a matter of law.

A contract with specific terms cannot remain hypertechnically specific after the parties decide on extras, which was the case here, in which event another contract in quasi contract arises based on a so-called quantum meruit theory, which, if sound, certainly has application here, and we so hold.

There is considerable merit to Fullmer's argument and analysis of the facts, and but for the jury's verdict on disputed evidence, this court no doubt would have had to sustain the jury had it decided otherwise.

We think the case of Salzner v. Jos. J. Snell Estate Corp., 81 Utah 111, 16 P.2d 923 (1932) has significant application to the case before us.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

WADE, J., heard the arguments but died before the opinion was filed.