491 P.2d 226

LEON GLAZIER AND SONS, INC., a Utah corporation, Plaintiff and Appellant,

v.

Hans B. LARSEN and Mac Larsen, Defendants and Respondents.

No. 12315.

Supreme Court of Utah.

Nov. 29, 1971.

Phillip L. Foremaster, St. George, for plaintiff and appellant.

Michael W. Park, Cedar City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff filed its complaint in the court below seeking to recover for labor performed and materials furnished in making improvements on certain land owned by the defendants. The defendants denied owing the plaintiff anything and counterclaimed seeking to recover back overpayments they claim have been made to the plaintiff.

During the year 1963, defendants entered into an oral contract under the terms

of which they agreed to sell to the plaintiff various items of construction equipment for the price of $13,000. Part of the purchase price consisted of furnishing labor and materials in constructing the improvements above mentioned. At a later time a dispute arose as to the reasonable value of the materials furnished by the plaintiff and as to the items of equipment which were included within the contract of sale. The dispute culminated in these proceedings.

After the matter was fully tried in the court below, the court found that the money due and owing to the defendant, Hans B. Larsen, for the equipment sold was equivalent in value to the cash paid and the labor and services provided by the plaintiff in constructing the improvements for the defendants, and further, that the records and files of the plaintiff which were received in evidence were inconclusive to prove otherwise. The court entered a judgment of no cause of action upon the plaintiff's complaint and also a judgment of no cause of action upon the defendants' counterclaim.

The plaintiff and appellant here states that the point raised by its appeal is one of fact rather than law. This being an action at law we do not review the evidence, nor do we attempt to substitute our judgment for that of the trial court. It needs no citation of authorities that if there is substantial evidence to support the judgment of the court below, we affirm. A survey of the record reveals that there was a wide conflict in the testimony and other evidence, but on the whole there was substantial evidence which tended to support the court's conclusion.

The judgment of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.