502 P.2d 562

**PLC LANDSCAPE CONSTRUCTION,**
Plaintiff and Respondent,

**v.**

**PICCADILLY FISH 'N CHIPS, INC.,**
Defendant and Appellant.

No. 12607.

Supreme Court of Utah.

Oct. 27, 1972.

Henriod, J., concurred in result.

1. Bailey, The Law of Bank Checks (4th Ed.), § 1524, p. 523.

Strong, Poelman & Fox, Harold A. Hintze, Salt Lake City, for defendant and appellant.

C. DeMont Judd, Jr., Ogden, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff sued to recover a balance of $1,169.53 for landscaping the premises of defendant's newly established cafe at 1418 Wall Avenue in Ogden. After the plaintiff had presented its evidence, the defendant challenged its sufficiency by a motion to dismiss. The court took the matter under advisement and thereafter made a memorandum decision, and made findings (as permitted by Rule 41(b), U.R.C.P.) and entered judgment against the defendant for the amount sued for.

The negotiations between the parties were oral concerning the landscaping which plaintiff first estimated at about $7400. However, in their discussions, due to elimination of some items, and the fact that some of the work would be done by the defendant, the parties arrived at a figure of about $4600. As the work progressed, because problems arose, including the fact that the defendant was unable to participate to the extent they had contemplated, the cost was increased to what the plaintiff contends was reasonably worth $6,669.53 for all labor and material it had furnished. Of this the defendant paid $5,500, but refused to pay the balance which is the subject of this suit.

The contentions of the defendant are (1) that the plaintiff should be bound by the original amount agreed upon and that the court erred in allowing the plaintiff to recover upon quantum meruit rather than upon its pleaded express contract, and (2) that the evidence failed to prove the value of the material and labor to be worth the $6,669.53 as found by the trial court.

 As to (1) above: Except where a change, modification or addition to a contract may conflict with the well-recognized rule against varying a written contract by parol, there is nothing so sacrosanct about having entered into one agreement that it will prevent the parties entering into any such change, modification,

extension or addition to their arrangement for doing business with each other that they may mutually agree.[1] That is what appears to have happened here and such subsequent agreements are governed by the same rules as to proof and enforceability as the original agreement.

■ Neither do we see any such prejudice to the defendant as would justify reversing the judgment because the plaintiff's complaint was an account stated for labor and materials, which defendant urges should be characterized as on express contract, whereas the court allowed recovery on the basis of quantum meruit. We have heretofore held that such a variance is not prejudicial error so long as the defendant was not disadvantaged by being denied a fair opportunity to meet the change in theory of recovery.[2]

As to defendant's contention (2) above, challenging the sufficiency of the evidence: defendant's argument amounts to the placing its own interpretation upon and criticism of the plaintiff's evidence, undoubtedly and perhaps understandably colored by defendant's desire as to the result. But this court cannot properly indulge any such favor to the defendant's position, but view it in accord with the findings of the trial court.

■ In regard to the addition of certain substantial items to the project, Mr. Dale R. Cook for the plaintiff stated that the defendant's agent: " . . . would say, well we have got to get it done, so you guys go ahead and we will work this out later." Plaintiff's evidence also was to the effect that the defendant did not do some of the labor as agreed, for which the plaintiff had to restore charges; and that the value of all of the labor and materials was the $6669.53, for which the defendant was billed. The trial court, whose prerogative it is to find the facts, having found accordingly, there is no basis upon which to upset the judgment.[3]

Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.

1. See Davis v. Payne and Day, 10 Utah 2d 53, 348 P.2d 387. Cheney v. Rucker, 14 Utah 2d 205, 381 P.2d 86.
2. Taylor v. E. M. Royle, 1 Utah 2d 175, 264 P.2d 279; Morriss v. Russell, 120 Utah 545, 236 P.2d 451; and see Rule 54(c)(1), which provides in part: every final judgment shall grant the relief to which the party . . . is entitled, even if the party has not demanded such relief in his pleadings . . . .
3. See Glazier & Sons, Inc. v. Larsen, 26 Utah 2d 429, 491 P.2d 226.