Paul **CHRISTENSEN**, Plaintiff and Appellant,

v.

Weldon S. **ABBOTT**, Defendant and Respondent.

No. 15574.

Supreme Court of Utah.

May 11, 1979.

---

**5.** See *State v. Pyle*, 216 Kan. 423, 532 P.2d 1309.

**6.** See *Miranda v. Arizona*, footnote 2 above.

George E. Mangan, Roosevelt, Edward W. Clyde, Salt Lake City, for plaintiff and appellant.

Wallace D. Hurd, James W. Beless, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Plaintiff appeals from a judgment of the district court in favor of defendant on plaintiff's action to enforce payment of a promissory note. We affirm in part and remand for additional findings on one issue.

Plaintiff (hereafter Christensen) and defendant (hereafter Abbott) were involved in a joint cattle ranching operation from March, 1974 until April, 1976. The venture began when Abbott purchased 200 black Angus cattle from Christensen on March 6, 1974, giving in return a non-negotiable note for $111,000.00, payable on demand. On April 26, 1974, the parties jointly purchased the Blue Mountain Ranch and 250 cattle from one Haslem for a total price of $703,-500. Each party contributed approximately one half of the $173,500 down payment, of which $70,000 was for the ranch and $103,-500 was for the 250 cattle. The balance of the purchase price was payable to Haslem over a ten year period at six percent interest. All the cattle were placed on the Haslem ranch and BLM range land and kept under the direction of Christensen until April, 1976. The parties agreed Christensen would operate the ranch, and they would each receive one half of the calf crop each year.

In the spring of 1976, it became apparent that the joint ranching venture was a failure: the calf crops had not generated the necessary amount of income, and Haslem had filed an action to foreclose on the mortgage, which was two years in arrears. Thus, on April 28, 1976, the parties terminated their joint interest in the ranch and the Haslem cattle by executing an "assignment and assumption agreement". The agreement provided for an assignment by Christensen of his interest in the ranch and in 44 of the Haslem cattle to Abbott, in return for the receipt by Christensen of the remainder of the Haslem cattle and the release of his liability on the purchase contract. Abbott received the 44 Haslem cattle and equity in the ranch, but was required to assume all of the debt owed on the Haslem contract, which in April 1976 amounted to approximately $200,000, including delinquencies of over $173,000.

Christensen filed this action in July, 1976 to enforce payment of Abbott's $111,000 note. Abbott defended on the grounds of accord and satisfaction, viz., the note was

cancelled by mutual agreement at the time the "assignment and assumption agreement" was executed, as part of the overall agreement to terminate their venture. The district court, as the trier of fact, held after a two day trial that the parties entered into an accord and satisfaction on April 28, 1976, comprised of the written assignment and assumption agreement and an oral agreement to cancel Abbott's $111,000 note, which fully settled the respective liabilities of the parties to each other.

On appeal, plaintiff in essence asserts the parties did not intend the cancellation of the note when they terminated their joint ranching operation in April, 1976. In reviewing this claim, we apply the usual standard of review that we assume the trial court to have believed the aspects of the evidence which supports its finding and judgment, and survey the evidence in the light most favorable thereto.[1]

At trial the parties disagreed as to several aspects of their joint venture, and the court obviously believed Abbott's version of the intention of the parties in the operation and termination of the venture. Abbott testified he signed the "assignment and assumption agreement" only after Christensen agreed to tear up the $111,000 note and let Abbott have the black cattle. Christensen denied he agreed to cancel the note, and alleges the parties only intended to terminate their joint interest in the ranch and the Haslem cattle, as evidenced by the written agreement.

After a careful review of the record, we cannot say, in deference to the trial court's prerogative to adjudge the credibility of witnesses, that the court's findings are not supported by credible evidence as to the parties' intentions regarding the cancellation of the note.

There is no requirement that an accord and satisfaction must be in writing. The party alleging accord and satisfaction as an affirmative defense has the burden of proving its occurrence.[2] We have defined an accord and satisfaction as "a method of discharging a contract, or settling a claim arising from a contract, by substituting for such contract or claim an agreement for the satisfaction thereof, and the execution of the substituted agreement."[3]

Sufficient credible evidence exists in the record before us to sustain the district court's finding that Abbott's contractual debt to Christensen as evidenced by the $111,000 note was discharged by their mutual assent to an agreement, executed on April 28, 1976, which provided for the disposition of the ranch and all the cattle jointly owned by the parties. Sufficient consideration for the discharge clearly exists in the form of Abbott's assumption of Christensen's obligation under the contract to purchase the ranch.

Christensen asserts the evidence of his assent to the cancellation of the note was violative of the parol evidence rule, since it varies the unambiguous terms of the "assignment and assumption agreement".[4] We have previously stated, however, that the parol evidence rule is not applicable to a writing which is not intended by the parties as a final and complete expression of their bargain.[5] Here, the district court's conclusions necessarily contemplate a finding that the written agreement was not intended as the total expression of the agreement to end the joint venture, but simply the instrument to assign Christensen's interest in the real estate to Abbott. We believe such a finding is correct, and hold that the court properly received the

1.  Rodgers v. Hansen, Utah, 580 P.2d 233 (1978); Tates, Inc. v. Little America Refining Co., Utah, 535 P.2d 1228 (1975).

2.  Tates, Inc. v. Little America Refining Co., Utah, 535 P.2d 1228 (1975).

3.  Cannon v. Stevens School of Business, Inc., Utah, 560 P.2d 1383, 1386 (1977).

4.  See State Bank of Lehi v. Woolsey, Utah, 565 P.2d 413 (1977).

5.  Bullfrog Marina, Inc. v. Lentz, 28 Utah 2d 261, 501 P.2d 266 (1972).

evidence of the alleged oral agreement concerning the cancellation of the note.[6]

■ Finally, Christensen asserts he should be reimbursed for expenses associated with his feeding and caring for Abbott's 200 Angus cattle from the date of the settlement, April 28, 1976, until April 16, 1977, when the cattle were returned to Abbott pursuant to an open-court stipulation by the parties. Christensen produced evidence at trial that he had expended approximately $60,000 during that period for the care of Abbott's cattle, and claimed an agistor's lien[7] to that extent. The record indicates no demand by Abbott after the date of the settlement for his cattle which Christensen was feeding. Although Abbott asserts on appeal that Christensen "wrongfully refused" to deliver the cattle to him after April 28, 1976, there appears to be a question of fact as to the parties' intentions regarding the feeding and care of the cattle after the settlement. The district court's findings were conclusory in nature, stating simply that the parties settled their respective claims on April 28, 1976, with an accord and satisfaction. However, no finding was made as to Christensen's claim for reimbursement of expenses incurred after that date, although Christensen had put this question in issue both in the pleadings and at trial.

We have previously held it is the duty of the trial court to make findings of fact on all contested issues in a case;[8] this action must therefore be remanded for the limited purpose of a determination by the court regarding Christensen's claimed agistor's lien for the time period from April 28, 1976 to April 16, 1977.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

HALL, Justice:

I concur with that portion of the majority opinion which remands the case for the purpose of determining the amount due appellant for his agistor's lien. However, I respectfully dissent from that part of the opinion which holds that the "assignment and assumption agreement" satisfied the promissory note executed by Abbott in 1974. The joint venture entered into by the parties had absolutely no effect upon this previous transaction. The agreement which terminated the joint venture made no mention of the previously executed note and it was neither surrendered to Abbott nor destroyed.

The "assignment and assumption agreement" related *only* to the joint venture as indicated by its very terms:

THIS AGREEMENT made and entered into by and between Weldon S. Abbott and Mary R. Abbott, hereinafter known as assignees, and Paul Christensen and Leah Christensen, hereinafter known as assignors.

WHEREAS, the parties are purchasers under that certain Purchase Sales Agreement dated April 26, 1974, between the above-said parties and Joseph Haslem, Ruth P. Haslem, John Haslem and Clyde Haslem, as sellers, and

WHEREAS, assignors desire to assign all of their right, title and interest in and *to said contract* to the assignees, . . . (Emphasis added.)

The majority opinion correctly notes that there is no requirement that an accord and satisfaction be in writing. But this one *was* in writing and it provided for the termination of the joint venture without making even passing reference to the note or the cattle purchased by its execution.

The trial court erroneously admitted parol evidence to alter an unambiguous writing. I deem the following holding of this Court to be dispositive of the situation we are now called to rule upon:

. . . when the parties have reduced to writing what appears to be a complete and certain agreement, it will

---

6. See generally, 3 Corbin on Contracts, §§ 581–583.

7. U.C.A., 1953, § 38–2–1.

8. *Quagliana v. Exquisite Home Builders, Inc.*, Utah, 538 P.2d 301 (1975).

be conclusively presumed, in the absence of fraud, that the writing contains the whole of the agreement between the parties. Also, that parol evidence of contemporaneous conversations, representations or statements will not be received for the purpose of varying or adding to the terms of the written agreement.[1]

The question is therefore one of law and not one of fact as construed by the majority opinion. I would reverse and remand not only to determine the amount due on the agistor's lien, but to enter judgment for appellant on the note.

---

1. *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413 (1977) citing *Bullfrog Marina, Inc. v. Lentz*, 28 Utah 2d 261, 501 P.2d 266 (1972).