Cliff PRINCE, dba Prince Construction Company, Plaintiff and Respondent,

v.

R. C. TOLMAN CONSTRUCTION COMPANY, INC., Defendant and Appellant.

No. 16220.

Supreme Court of Utah.

April 2, 1980.

Don R. Strong of Strong & Mitchell, Springville, for defendant and appellant.

Michael F. Heyrend of Watkiss & Campbell, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant R. C. Tolman Construction Company seeks reversal of a judgment in favor of plaintiff Prince Construction Company for $18,386.34 compensation as subcontractor of the defendant in connection with the construction of a sewage transmission line, roads and other facilities for the United States Forest Service near Fish Lake.

In September 1972 defendant Tolman was awarded by the U.S. Forest Service the general contract for the construction of the above-mentioned facilities for a total of $630,585.[1] A month after the main contract was let, Tolman engaged plaintiff Prince as subcontractor to perform eleven items of the main contract, relating mostly to excavating, conditioning and constructing the roadway, which items totaled $87,257.20. This amount was to be paid to Prince, less 10 percent to be retained by Tolman. The dispute here relates to only three of those eleven items. They are interrelated, involv-

ing excavating, hauling and dumping approximately 2,500 cubic yards of earth.

As the project progressed, in the summer of 1973, subcontractor Prince informed general contractor Tolman that he did not have available the equipment, and had arranged for Don Wirthlin to do the three items of earth moving at a flat rate of $3.00 per cubic yard, or a total cost of about $7,500. Defendant Tolman countered that he had trucks and men available with which he would undertake to do that part of Prince's subcontract for the $3.00 per cubic yard. The trial court found that this was agreed upon and carried out.

■ Defendant Tolman's attack upon the judgment proceeds thus: that upon learning that Prince did not have the equipment to move along with the three items in question, it was necessary for him to "take over" that part of the project because the Forest Service was applying pressure to get the project completed. He asserts the proposition, which we recognize as sound, that where a subcontractor is failing to perform on a contract, the main contractor may step in and complete what has to be done, and the defaulting party is entitled to receive payment for only that part of the work actually performed.[2] Hence, Tolman urges that since plaintiff Prince did not perform the work on the three items, he is not entitled to be paid therefor; and that the defendant is entitled to the full amount the Forest Service allocated to those items.

In conjunction with the foregoing, defendant Tolman also argues that the trial court should not have considered any claim of a supplemental oral agreement between the parties. He invokes two provisions in the subcontract: one recites that any changes or modifications shall be in writing; and the other requires that the subcontractor obtain written permission before assigning any work to someone else.

---

1. Not material to this controversy, but of interest is the fact that due to subsequent changes Tolman actually received in excess of $1,000,-000.

2. See Restatement of the law of Contracts, Sec. 246.

As opposed to the foregoing, the plaintiff Prince's position is that he owned the entire subcontract; that he had arranged to have Don Wirthlin perform the three items in controversy for the agreed price of $3.00 per yard, a total of $7,500, and would have done so, except for defendant Tolman's supplemental and separate agreement to take over and perform that part of the subcontract for the same amount. Wherefore he urges his entitlement to the contract price on those items, minus the amounts due Tolman of his 10 percent commission as the general contractor, and the $7,500 for his performance of those three items. The trial court allowed Tolman his 10 percent commission and his actual costs of performing those items, and gave plaintiff judgment for $18,386.34.

Support of the solution to this controversy as resolved by the trial court is found in three propositions:

■ The first is the fundamental rule of review that it was the trial court's prerogative to judge the credibility of the evidence and to find the facts;[3] and that it found them in accordance with the plaintiff's claim.

■ The second is the well-recognized rule that notwithstanding recitals in a prior contract restricting changes or modification in its terms, the parties are as free in appropriate circumstances to renegotiate new terms or to make separate supplemental agreements as they were to make the contract in the first place.[4] In the case of *Davis v. Payne and Day, Inc.*, this Court speaking through Justice Wade stated:

It is a well-established rule of law that parties to a written contract may modify, waive, or make new terms *notwithstanding terms in the contract designed to hamper such freedom.*[5] [Emphasis added.]

The third is the doctrine of estoppel, which was also applied by the trial court in favor of the plaintiff, based on these facts: that the plaintiff had engaged Wirthlin to do the work in question for $7,500. But in reliance on defendant Tolman's offer and agreement to do the work at a comparable price, Prince released Wirthlin and let Tolman do the work; and because Prince had been thus induced to change his position by Tolman's promise, it would be manifestly unfair to permit Tolman to repudiate his promise and cause Prince to suffer loss.[6]

In consequence of what has been said herein, it is our conclusion that the defendant has not sustained its burden of demonstrating that the findings and judgment of the trial court should be overturned.[7]

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, HALL, WILKINS and STEWART, JJ., concur.

3. *Fisher v. Taylor*, Utah, 572 P.2d 393 (1977); *Child v. Child*, 8 Utah 2d 261, 332 P.2d 981 (1958).

4. *Cheney v. Rucker*, 14 Utah 2d 205, 381 P.2d 86 (1963).

5. 10 Utah 2d 53, 348 P.2d 337 (1960). See also *PLC Landscape Const. v. Piccadilly Fish 'N Chips, Inc.*, 28 Utah 2d 350, 502 P.2d 562 (1972).

6. In the case of *Baggs v. Anderson*, Utah, 528 P.2d 141 (1974), we cited with approval Restatement of Contracts, Sec. 90, which states:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.
See also, *J. P. Koch, Inc. v. J. C. Penney Company, Inc.*, Utah, 534 P.2d 903 (1975).

7. See *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).