Paul CHRISTENSEN, Plaintiff, Respondent and Cross-Appellant,

v.

Weldon ABBOTT, Defendant, Appellant and Cross-Respondent.

No. 18115.

Supreme Court of Utah.

Aug. 2, 1983.

Wallace D. Hurd, Salt Lake City, for defendant, appellant and cross-respondent.

George E. Mangan, Roosevelt, for plaintiff, respondent and cross-appellant.

OAKS, Justice:

In an earlier appeal, this case was remanded for the limited purpose of determining whether defendant Abbott was required to compensate plaintiff Christensen for services as an agistor from April 28, 1976, to April 16, 1977. *Christensen v. Abbott,* Utah, 595 P.2d 900 (1979). The district court thereafter awarded Christensen a quantum meruit recovery of $29,851.66. Both parties now appeal that judgment, contesting the amount of recovery. Christensen also seeks attorney fees for this appeal.

Abbott and Christensen were involved in a joint cattle ranching operation, which began in March 1974. As part of this operation, Christensen cared for 200 black Angus cattle he had sold to Abbott in exchange for a demand note for $111,000. The ranching operation proved unsuccessful, and in December 1975 Abbott demanded possession of the 200 cattle. Christensen, who had not been paid on the note or for his recent agistment services, refused. Several demands were also made and refused early in 1976. On April 28, 1976, the parties entered into an accord and satisfaction in which the demand note was discharged and Christensen was compensated for his prior services. However, Abbott apparently made no subsequent demand for the possession of the cattle until May 6, 1976. Christensen refused this demand and several others and continued to retain and care for the cattle until their release to Abbott by stipulation in April 1977. On remand, after reviewing the previous trial record and hearing additional testimony and argument, the district court found that the reasonable value of the care given to these cattle for the entire period was $122.53 per cow, which totaled $29,851.66, including interest.

Abbott first argues that Christensen is not entitled to a quantum meruit recovery since he wrongfully retained possession of the cattle. Christensen counters that his possession was not wrongful since it was authorized by U.C.A., 1953, § 38–2–1.

■ As a general rule, an agistor may not obtain a quantum meruit recovery for the feeding and care of cattle if he has wrongfully retained possession of them. *Schutzman v. Munson,* La.Ct.App., 51 So.2d 125, 128 (1951); 3A C.J.S. *Animals* § 56 (1973). *Cf. Morgan v. Ibberson,* 215 Minn. 293, 10 N.W.2d 222 (1943). The burden of proving wrongfulness is on the party benefited by the agistor's services. *See Richards v. Lake Hills,* 15 Utah 2d 150, 152, 389 P.2d 66, 67 (1964). *Cf. Restatement of the Law of Restitution* § 142(g) (1937).

■ An agistor is not retaining possession wrongfully if he is exercising his statutory right under U.C.A., 1953, § 38–2–1. In addition to providing for an agistor's lien on cattle, that statute provides:

> Every ranchman, farmer, agistor, [or] herder of cattle . . . to whom any domestic animals shall be entrusted for the purpose of feeding, herding or pasturing . . . is *authorized to retain possession* of such animals *until [the amount that may be due him for such feeding, herding or pasturing] is paid.* [Emphasis added.]

*See also Baker v. Hansen,* Utah, 666 P.2d 315 (1983); *National Bank v. Drulas,* 61 Utah 440, 214 P. 24 (1923).

■ In this case, Christensen received the "amount due" for his prior agistment services by means of the accord and satisfaction on April 28, 1976. However, there is no evidence that Abbott made a demand for the possession of the cattle on that date. Christensen therefore continued to care for them, thereby generating an additional "amount due" under § 38–2–1 and invoking that section's authorization to retain possession of the cattle despite Abbott's later demands for their release. *See Crouch v.*

*Brookshire,* Kan.Ct.Mo.App., 330 S.W.2d 592 (1959); *Carstens Packing Co. v. Cox,* 47 Wash.2d 346, 287 P.2d 486 (1955). Of course, Abbott could have terminated § 38–2–1's authorized possession at any time (thereby extinguishing any future accruals of liability to Christensen) by paying the current amount due and removing or attempting to remove the cattle. But he did not do so. Consequently, Christensen's continued possession was not wrongful, and he was not disqualified from a quantum meruit recovery for the services he performed.

▇ Both parties argue that there was insufficient evidence to support the trial court's finding that the reasonable value of the care given to each cow was $122.53. A recovery for services in quantum meruit is equitable in nature. *Advance Leasing & Crane Co. v. Del E. Webb Corp.,* 117 Ariz. 451, 453, 573 P.2d 525, 527 (1977); *Bereman v. Bereman,* Wyo., 645 P.2d 1155, 1159 (1982); 1 Am.Jur.2d *Actions* § 13 (1962). Consequently, this Court may review both the legal and factual questions surrounding the recovery, Utah Const. art. VIII, § 9, but "we are not bound to substitute our judgment for that of the trial court, and because of its advantaged position, we give considerable deference to its findings and judgment." *Baker v. Hansen, supra* (quoting *Ream v. Fitzen,* Utah, 581 P.2d 145, 147 (1978)).

▇ In this case, five witnesses gave differing testimony on the value of Christensen's services. The district court found the testimony of Abbott's witness, Grant Bleazard, to be the most persuasive and adopted it in calculating the amount of the judgment. Bleazard had 35 years of experience as a feedlot operator and cattle rancher in the same geographical area in which Abbott's 200 cattle were retained. After reviewing the record, we conclude that Bleazard's testimony adequately supported the trial court's finding. *See PLC Landscape Construction v. Piccadilly Fish'N Chips, Inc.,* 28 Utah 2d 350, 352, 502 P.2d 562, 564 (1972); *Richards Contracting Co. v. Fullmer Brothers,* 18 Utah 2d 177, 417 P.2d 755 (1966). Other objections to the amount of the judgment were not raised at trial and consequently are not properly before us on this appeal. *Condas v. Condas,* Utah, 618 P.2d 491, 495 & n. 8 (1980); *Sanders v. Cassity,* Utah, 586 P.2d 423, 426–27 (1978).

▇ Finally, Christensen argues that he should be awarded a reasonable attorney fee for defending this appeal. Attorney fees on appeal are only granted when authorized by statute or rule of court, *Management Services Corp. v. Development Associates,* Utah, 617 P.2d 406, 408 (1980); 20 C.J.S. *Costs* § 361 (1940), and none applies to the subject matter of this case. Our statutes allow a court to "award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith." U.C.A., 1953, § 78–27–56. Not being persuaded that the appeal in this case was without merit or not brought in good faith, we deny Christensen's request for attorney fees.

The judgment of the district court is affirmed. No costs awarded.

HALL, C.J., and STEWART, J., concur.

HOWE, Justice (dissenting):

I dissent. The record indicates that Abbott made demand for the return of the cows as early as December of 1975. For the previous years, Christensen had received one-half of the calf crop which Abbott considered compensation for the care of the cattle. No agistor's lien was ever claimed for the care and feeding of the animals until March 19, 1976. Christensen and Abbott executed the assignment (which on the first appeal of this case was ruled to have been an accord and satisfaction of all claims to that date) on April 28, 1976. Abbott testified as having said to Christensen: "Now I will go ahead and sign this thing if you will simply go ahead and keep our oral agreement and let me have the black cows and tear up that note and no more tricks." Christensen responded "Fine."

In light of that representation I would disagree with the majority that "there is no evidence that Abbott also made a demand on that date for the possession of the cattle." He made demand simultaneously with

the execution of the accord and satisfaction and any refusal to deliver the cows to him thereafter was done at Christensen's peril. To allow Christensen to receive compensation in quantum meruit for wrongful withholding of the cattle permits him to profit from a transaction involuntarily suffered by Abbott. The trial court in entering the Memorandum Decision found that numerous demands had been made for the return of the cattle. The record buttresses that finding. Consequently it held that after April 28, 1976, "[u]nder the law of this case defendant was entitled to possession at least from and after that date, and plaintiff's retaining possession thereafter was wrongful." That finding and holding precludes an inconsistent award of reasonable costs incurred. The doctrine of quantum meruit applies principles of equity. "One who commits a wrong must take the consequences and cannot complain that someone else does not rescue him therefrom." *Pacific Metals Co. v. Tracy-Collins Bank & Trust Co.,* 21 Utah 2d 400, 404, 446 P.2d 303 (1968). See also *Jacobson v. Jacobson,* Utah, 557 P.2d 156 (1976). I would reverse the award of agistment services.

DURHAM, J., concurs in the dissenting opinion of HOWE, J.