SOUTHEASTERN EQUIPMENT CO., a Georgia corporation and William Gochis, Intervenor, Plaintiff and Respondent,

v.

James MAUSS and Engleharde Mauss, dba Jim's Surplus and Storage, Defendant and Appellant.

No. 19041.

Supreme Court of Utah.

Jan. 29, 1985.

Barrie A. Vernon, Tooele, for defendant and appellant.

Douglas F. White, Tooele, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from an order dismissing the defendant Engleharde Mauss's motion to enjoin a sheriff's sale of a parcel of property. The sale was stayed pending this appeal. We affirm the trial court's order.

This case began with an action to collect a business debt. A judgment of $11,540 was entered May 12, 1975, in favor of the plaintiff-intervenor William Gochis ("plaintiff"). The defendant failed to make any payments on the judgment until the defendant's counsel made arrangements with the plaintiff in late 1979 for the defendant to make monthly payments on the judgment in the amount of $20.

The defendant's basis for seeking an injunction below was that a contract had been entered into by the parties when the defendant agreed to make the $20 monthly payments. The trial court rejected this argument and, in its order denying the defendant's motion to enjoin the sheriff's sale, concluded, "William Gochis and Engleharde Mauss did not enter into a contract, as such, for the payment of the Judgment at $20.00 per month." The defendant asserts that this finding was in error. She argues that a contract exists between the parties, that the contract is not barred by the statute of frauds, and that the doctrine of promissory estoppel bars the plaintiff from executing on the judgment.

■ We agree with the trial court's conclusion that the agreement to pay $20 per month was not a contract binding on the plaintiff. The necessary element of consideration is missing.

This Court has stated, "[A]n agreement to do that which one is already required to do does not constitute consideration for a new promise." *Baggs v. Anderson,* Utah, 528 P.2d 141, 143 (1974). The judgment

**1188**

against the defendant is a preexisting obligation owed to the plaintiff. The agreement between the parties was merely an arrangement to begin to satisfy this obligation. Neither party gave anything of value nor suffered any legal detriment necessary to create a new obligation.

 The defendant argues that the doctrine of promissory estoppel applies to these facts and that it eliminates the necessity of showing consideration. We disagree. This jurisdiction recognizes the doctrine of promissory estoppel as set forth in the Restatement of Contracts § 90 (1932). *Baggs*, 528 P.2d at 143 n. 5; *Prince v. R.C. Tolman Construction Co.*, Utah, 610 P.2d 1267, 1269 n. 6 (1980). This doctrine as now found in the Restatement (Second) of Contracts is as follows:

> A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise.

Restatement (Second) of Contracts § 90(1) (1979).[1]

The record in this case contains no evidence that satisfies the requirements of promissory estoppel. There is no evidence that the plaintiff misled the defendant or that the defendant changed her position to her detriment in reliance on the plaintiff's agreement to take $20 per month. The defendant's mistaken belief that the judgment would be satisfied by this agreement was not engendered by the actions or statements of the plaintiff, nor could it have reasonably been so caused. Counsel for the defendant argues that the doctrine of promissory estoppel is satisfied because it would be unjust to allow the plaintiff to deny or avoid the alleged contract and "harass" the defendant because the defendant has already lost her husband and the busi-

ness that created the initial debt, her livelihood is very minimal, and the loss of her home would be devastating. Although these circumstances are tragic, they were not caused by any actions or promises of the plaintiff or by the $20 per month arrangement.

Because we agree with the trial court that there was no contract, we do not address the defendant's argument concerning the statute of frauds. The trial court's dismissal of the defendant's motion to enjoin the sheriff's sale is affirmed. No costs awarded.

STEWART, HOWE and ZIMMERMAN, JJ., concur.

HALL, C.J., does not participate herein.

---

1. For the purpose of comparison, Restatement of Contracts § 90 (1932) is as follows:

   A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.